## STATE v. MARCHBANKS.

1. EVIDENCE—NUISANCE—LIQUORS.—Evidence of treating at A.'s, and that defendant lives at A.'s, supports allegation of indictment, that defendant maintains a nuisance "at his residence."

2. IBID.—IBID.—IBID.—Under indictment for maintaining a nuisance by keeping and selling liquors, evidence that persons went to the place orderly and quiet, and came away noisy, of cursing and swearing there in the night time, of persons riding rapidly from there in night time, and of witness giving his boy money to get whiskey for him, is competent.

3. CHARGE.—Remarks made by a Judge during the trial of a case cannot be considered as a part of the charge and subject to same rules.

4. PRACTICE—QUESTION—WITNESS—DISCRETION.—Whether a leading question may be asked a witness, is solely within discretion of trial Judge.

5. NEW TRIAL.—On motion for new trial, this Court cannot pass on sufficiency of evidence.

Before               , J., Anderson, February, 1900. Affirmed.

Indictment against John Marchbanks for maintaining a nuisance. From verdict and sentence, defendant appeals on following exceptions:

"I. Because his Honor erred in permitting the witness, Tom Hallum, to testify, over the objection of the defendant, that the defendant gave him whiskey to drink over at Mr.

2—61

Tom Prater's; whereas the indictment charged maintaining a nuisance at defendant's residence, and not at the residence of Mr. Tom Prater, being unresponsive to the indictment and prejudicial to the defendant.

"II. Because his Honor erred in not instructing the jury to disregard the testimony of Tom Hallum as to the sale or handling of liquor at Mr. Tom Prater's house.

"III. Because his Honor erred in admitting the testimony of James Durham on the ground that the same might be competent if connected with the charge and in failing to charge the jury to disregard such testimony as not being connected with the charge.

"IV. Because his Honor erred in not excluding the testimony of Dan Williams, under the objection of the defendant, in reply to the question, 'How do you know that you sent up there once?' and in allowing him to state over defendant's objection, "I gave him (his boy) a quarter and told him to go up to Mr. Marchbanks for some whiskey,' such answer being hearsay and irrelevant.

"V. Because his Honor erred in holding as follows: 'I find in liquor cases, every witness that swears in a dispensary case is reluctant to testify.' Such expression being in violation of the Constitution of the State, art. V., sec. 26, that 'Judges shall not charge juries in respect to matters of fact,' but shall declare the law.

"VI. Because his Honor erred in holding as follows: 'I find that in liquor cases every witness that swears in a dispensary case is reluctant to testify,' as he thereby created the impression that the witnesses for the State were reluctant and unwilling witnesses and as such were entitled to be believed, and further were keeping in the back ground and unsaid other evidence which would show the guilt of the defendant.

"VII. Because his Honor erred in not excluding the testimony of Dan Williams, under the objection of the defendant, in answer to the question, 'would they be quiet and orderly in going over to his house?' because such question

was leading and the response, 'well, they appeared to be, sometimes they went across my field and I did not know where they were going,' such answer being irrelevant and uncertain.

"VIII. Because his Honor erred in refusing to grant defendant's motion for a new trial, on the ground that, admitting all of the evidence of the State to be true, it was not sufficient as matter of law to sustain a conviction, in that the evidence does not show that there was any habitual bartering, selling or drinking of liquor, but that the transactions were disconnected and casual."

*Messrs. E. M. Rucker* and *Blythe & Blythe,* for appellant. Oral argument.

*Assistant Attorney General U. X. Gunter,* contra. Oral argument.

June 26, 1901. The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER. The defendant was indicted, tried and convicted under an indictment containing a single count, in which the defendant was charged that "on the 20th day of March, 1899, and on divers other days, both before and since that day, up to the taking of this inquisition, the [defendant] did wilfully and unlawfully keep and maintain a place at his residence, in the county of Anderson and State aforesaid, where alcoholic liquors are sold, bartered and given away, and where persons are permitted to resort for the purpose of drinking alcoholic liquors as a beverage, and where alcoholic liquors were kept for sale and delivery, thereby, then and there keeping and maintaining a common nuisance." The defendant appeals on the several grounds set out in the record, a copy of which will be incorporated by the Reporter in his report of the case.

The first and second exceptions, raising objections to the competency of the testimony of the witness, Tom Hallum,

will be considered together. These objections are based upon the ground that the testimony of that witness related to a transaction—giving him whiskey to drink—which occurred at Tom Prater's; and as the charge in the indictment was that the defendant maintained a nuisance "at his residence," such testimony was incompetent, and the jury should have been instructed to disregard such testimony. Inasmuch as the testimony which is set out in the case tends to show that defendant lived on Tom Prater's place, and as the testimony objected to was as follows: "What do you know about his handling liquor? Well, he give me some to drink sometimes. Where was he? Over there at home. Where? Over at Tom Prater's." It seems to us that such testimony was competent. These exceptions must, therefore, be overruled.

The third exception imputes error in admitting the testimony of James Durham. The testimony of that witness was to the following effect: that he lived about two hundred yards from the defendant; that he had seen men going over there in the day time, sometimes very quiet and sometimes a little noisy on leaving there; that he heard noise over there at night, sometimes as late as midnight, and cursing, shooting and running horses. We cannot say that such testimony was incompetent, as it tended to show circumstances indicating that the defendant's place was a place where spirituous liquors could be obtained; and though possibly, in themselves, slight evidence, yet not incompetent. The third exception is overruled.

The fourth exception, imputing error to the Circuit Judge in not excludng the testimony of the witness, Dan. Williams, will next be considered. The testimony of that witness was as follows: "Do you know Mr. Marchbanks? Yes, sir. What do you know about his having liquor? Well, I do not know that I know much about it, but I sent up there once." Defendant's counsel, interposing, asked the witness the following question: "How do you know that you sent up there once? I told my boy to go up there once.

Defendant's counsel objects. No ruling. By the solicitor: Go on. I gave him a quarter and told him to go up to Mr. Marchbanks for some whiskey." This was a circumstance which, though slight in itself, might tend to show that Marchbanks kept liquor for sale, as the witness would scarcely have given his boy money to buy liquor, unless he had reason to believe that he could get what he wanted at the place to which the boy was directed to go. The fourth exception is overruled.

The fifth and sixth exceptions, relating to the same subject, will be considered together. The error here imputed in the Circuit Judge was in using the following language: "I find that in liquor cases every witness that swears in a dispensary case is reluctant to testify;" and in exception five the imputation is that such a remark is in violation of the provision of the Constitution forbidding Judges to charge a jury in respect to matters of fact; and in exception six the imputation is that the Circuit Judge, in using such language, created the impression that the witnesses for the State were reluctant and unwilling witnesses, and were keeping back evidence which would show the guilt of the defendant. It will be observed, however, that this language was not used by the Circuit Judge in his charge to the jury, for the charge as set out in the "Case" contains nothing of the kind, but the language was used in the progress of the trial, while the witnesses were being examined. It is quite clear, therefore, that there was no violation of the constitutional provision, as has been frequently held. See *State* v. *Turner,* 36 S. C., at pp. 543-4; *Ober* v. *Blalock,* 40 S. C., at p. 37; *State* v. *Crawford,* 39 S. C., at p. 350; *Norris* v. *Clinkscales,* 47 S. C., at p. 519; *State* v. *Mitchell,* 49 S. C., at p. 413; *Cave* v. *Anderson,* 50 S. C., at pp. 293-300; *Wilson* v. *Railway Co.,* 52 S. C., at p. 539. See, also, *State* v. *Atkinson,* 33 S. C., at p. 100. These two exceptions must be overruled.

The seventh exception imputes error in allowing a leading question put to one of the witnesses, cannot be sustained.

It has been so often held that such an objection is left to the Circuit Judge, who must, necessarily, be invested with large discretion in the conduct of a trial, with which this Court will not interfere, unless there is some abuse of discretion (of which there is and can be no pretense here), that it is unnecessary to say more. The seventh exception is overruled.

The eighth exception imputes error to the Circuit Judge in refusing the motion for a new trial upon the ground of insufficiency of the evidence to sustain the charge. As it has been so frequently held as to supersede the necessity for any citation of authority, that such a question must be left exclusively to the Circuit Judge, this exception must likewise be overruled. For we cannot say that there was absolutely no testimony tending to sustain the charge, and it is beyond our province to pass upon the sufficiency of such testimony.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.