BUTLER v. WESTERN UNION TELEGRAPH CO.

1. *Young* v. *W. U. Tel Co.,* 65 S. C., 93, *followed.*
2. DAMAGES—PUNITIVE—TELEGRAM.—If a messenger boy intentionally fail to go to the house of the addressee of a telegram, the addressee is entitled to punitive damages, for he thus consciously invades the rights of plaintiff.
3. NEW TRIAL.—Whether there is any testimony to sustain a verdict, is a question of law, but whether a verdict is justified by the evidence, is one of fact, and not reviewable by this Court.

Before ALDRICH, J., Richland, June, 1902.    Affirmed.

Action by Jacob W. Butler against Western Union Telegraph Co. From judgment for plaintiff, defendant appeals on exceptions, of which the following are the first seven:

"First. Because his Honor erred in admitting, against the objection of the defendant, the plaintiff's witness, Pete Thornton, to testify as to the circumstances connected with taking the corpse of Mrs. Spivey from the depot at Killian's, S. C., to the house of the plaintiff, in reply to the following question: Q. 'What did you do?' A. 'I assisted (the plaintiff) with two wagons; one to haul the company and one to haul the corpse.' And to the questions and answers immediately following, having a similar import; it being respectfully submitted, (1) That the cause of action herein arose prior to the mental anguish act of 1901; and evidence, the sole object of which was to show the mental anguish endured by the plaintiff, was irrelevant and inadmissible; and that the sole object and effect of said testimony was to show the mental anguish suffered by the plaintiff. (2) That said testimony was irrelevant; because it appeared from the complaint, that the failure of the plaintiff to make arrangements to meet the funeral party at Killian's, S. C., was not the natural proximate or direct consequences of the delay in the delivery of a telegram mentioned in the complaint.

"Second. Because his Honor erred in admitting, against the objection of the defendant, testimony of Pete Thornton,

as to the condition of the weather at Killian's, S. C., upon the arrival of the funeral party, by permitting the following question and answer: Q. 'What kind of a night?' A. 'Stormy and rainy.' It being respectfully submitted that said testimony was irrelevant and improper, in that (1) Its object and effect was to show the mental suffering endured by the plaintiff. (2) That it appeared from the complaint that the damage sustained by the weather at Killian's, S. C., was not the natural, direct or proximate result of the delay in the delivery of the telegram.

"Third. Because his Honor erred in admitting, contrary to the objection of the defendant, the following question and testimony as to the condition of the weather at Killian's upon the arrival of the funeral party: Q. 'What was the condition of the weather?' A. 'It was raining.' It being respectfully submitted that the said testimony was irrelevant and improper in that (1) Its object and effect was to show the mental suffering endured by the plaintiff. (2) That it appeared from the complaint that the damage sustained by the weather at Killian's, S. C., was not the natural, direct or proximate result of the delay in the delivery of the telegram.

"Fourth. Because his Honor erred in admitting, against defendant's objection, the following question and testimony of F. W. Brown, in reference to the condition of Mr. Butler, when he reached the house of witness: Q. 'What condition was Mr. Butler in, when he got there?' A. 'Pretty wet and cold.' It being respectfully submitted that said testimony was irrelevant and improper, in that (1) Its object and effect was to show the mental suffering endured by the plaintiff. (2) It appeared from the complaint that the damages sustained by the plaintiff, on account of the bad weather, was not the direct, natural or proximate result of the delay in the delivery of the telegram.

"Fifth. Because his Honor erred in admitting, against the defendant's objection, the following question and testimony of plaintiff as to the disposition of the corpse upon its arrival at Killian's, S. C.: Q. 'When you ascertained that

the body had been carried off, where did you go?' A. 'As the night was so bad, I thought probably they had carried her to Mr. Thornton's, and I went to Mr. Thornton's, and they told me they had gone.' It being respectfully submitted that said testimony was irrelevant and improper, in that (1) Its object and effect was to show the mental anguish suffered by the plaintiff. (2) That it appeared from the complaint, that the damage sustained by the weather at Killian's, S. C., was not the natural or proximate result of the delay in the delivery of the telegram.

"Sixth. Because his Honor erred in admitting, against the objection of the defendant, testimony of plaintiff as to the condition of the weather, when he reached Brown's upon the arrival of the funeral party: Q. 'What condition were you in when you got there?' A. 'Very wet.' It being respectfully submitted that said testimony was irrelevant and improper, in that (1) Its object and effect was to show the mental suffering endured by the plaintiff. (2) That it appeared from the complaint that the damage sustained by the weather at Killian's, S. C., was not the natural, direct or proximate result of the delay in the delivery of the telegram.

"Seventh. Because his Honor erred in admitting, against the defendant's objection, testimony as to the absence of arrangements for the funeral of Mrs. Spivey, by permitting the following question and answer: Q. 'When you left home that night, had you the opportunity of seeing yourself the arrangements made for the funeral, or had you to leave that for some one else?' A. 'I had to leave that for some one else to attend to.' It being respectfully submitted that the said testimony was irrelevant and improper, in that (1) Its object was to show the mental suffering endured by the plaintiff. (2) Because it appeared from the complaint that the absence of said arrangements was not proximately, directly or naturally due to the delay in the delivery of the telegram."

*Messrs. Smythe, Lee & Frost, Geo. H. Fearons* and *R. W. Shand,* for appellant.    The former cite: *Evidence inadmissible because it proved mental anguish only:* 57 S. C., 330; 32 S. C., 594; 62 S. C., 234; 8 Ency., 2 ed., 661.    *Damages· too remote from fault of defendant, not recoverable:* 8 Ency., 2 ed., 581-3; 5 Ency. P. & P., 544; 9 Ech., 345; 154 U. S., 29; 43 S. C., 424; 13 S. W., 169; 19 S. C., 223; 31 S. C., 49; 41 N. Y., 544; 61 S. W., 421; 23 So. R., 681; 46 N. E., 358; 54 N. E., 775; 77 Fed. R., 273.    *No evidence to warrant punitive damages:* 57 S. C., 330; 32 S. C., 594; 54 S. C., 605; 57 S. C., 254; 64 S. C., 518; 34 S. C., 311; 35 S. C., 501.    *Evidence necessary to sustain punitive damages:* 62 S. C., 234; 35 S. C., 486; 64 S. C., 494.

*Messrs. P. H. Nelson* and *Melton & Belser,* contra, cite: *Evidence as to mental anguish proper:* 57 S. C., 325; 62 S. C., 222; Jagg. on Torts, 80; Hale on Dam., 9-11; 12 Ency., 2 ed., 30.    *In issue of punitive damages, jury should have all facts before it:* 34 S. C., 324; 60 S. C., 73; 2 Bay, 416; 54 S. C., 504; 53 S. C., 210.    *Evidence responsive to pleadings admissible:* 61 S. C., 329; 60 S. C., 381; 50 S. C., 67; 63 S. C., 370.    *Injury not too remote:* 54 S. C., 506; 60 S. C., 201; 53 S. C., 210; 34 S. C., 324.    *In admission of evidence much is left to trial Judge:* 54 S. C., 314; 52 S. C., 377; 50 S. C., 129; 48 S. C., 143; 35 S. C., 537; 33 S. C., 577; 30 S. C., 176; 24 S. C., 340; 16 S. C., 112; 14 S. C., 553.    *Not reversible error to admit evidence of kind previously admitted without objection:* 17 S. C., 178; 35 S. C., 537; 36 S. C., 368; 40 S. C., 92; 41 S. C., 415; 53 S. C., 451.    *Question of wilfulness is for jury:* 60 S. C., 57; 51 S. C., 234; 54 S. C., 504; 57 S. C., 253.    *Defendant liable for misconduct of agent:* 62 S. C., 222; 35 S. C., 490.

April 1, 1903.    The opinion of the Court· was delivered by

MR. JUSTICE GARY.    *Statements of facts.*—The allega-

33—65

tions of the complaint material to the consideration of the questions raised by the exceptions are as follows:

"2. That on the 3d day of April, 1899, one J. B. Spivey, the son-in-law of the plaintiff, presented to and filed with the defendant at its offices in the said town of Abbeville, the following message, to wit: 'Mr. H. F. Jumper, No. 709 Lumber street: Wife very ill, come at once. Let parents and G. P. Spivey know. J. B. Spivey.'

"3. That the defendants at said time and place received said message and promised promptly to transmit by telegraph and deliver the same to the said H. F. Jumper, at his said address in the city of Columbia, and that in consideration thereof then and there prepaid to the defendant its regular charges.

"4. That at said time, the wife of said J. B. Spivey, mentioned in the said message, was critically ill; that the plaintiff is her father and one of the parents mentioned in the said message, and that the same was presented to and received by the defendant to be transmitted and delivered as aforesaid, for the plaintiff's benefit; of all of which the defendant was apprised at the time of the presentation of said message to it, as aforesaid, and that plaintiff has on his part in all respects fully complied with the terms and conditions of said agreement.

"5. That although the said H. F. Jumper was at his residence, at No. 709 Lumber street, in said city, during the whole of the said third day of April, when said message could and ought to have been delivered to him, and all of the following day, and although his said address was within easy reach of the defendants, and within its regular delivery limits in said city, the said defendant wilfully, wantonly and grossly, negligently failed promptly to deliver said message, and the same, through the wilful, wanton and gross negligence of the defendant aforesaid, was not delivered nor offered to be delivered to the said H. F. Jumper, or any one for him, until the 7th day of April, 1899, upon demand then being made by the said H. F. Jumper therefor at defendant's

office in the said city of Columbia, and that in the meantime, on the night of the 5th day of April, 1899, the said wife of the said J. B. Spivey died of said illness, and her remains were forwarded by railroad to Killian's, in the said county of Richland, for interment.

"6. That by reason of defendant's said wanton, wilful and grossly negligent failure promptly to deliver said message as aforesaid, the plaintiff was deprived of seeing and being with his said daughter before her said death, and of accompanying her remains from the said town of Abbeville to said Killian's, and of providing for their proper reception upon their arrival at their destination at Killian's; was subjected to great mental anguish and suffering, and suffered damage in the sum of one thousand nine hundred and fifty dollars.

"7. That on the 31st day of May, 1899, the plaintiff notified the defendant of the matters and things hereinabove set forth, and presented his claim in writing to said defendant for said sum of              by reason thereof; but that defendant has failed to pay the plaintiff said sum, or any part thereof, and has wholly ignored plaintiff's said claim.

"Wherefore, the plaintiff demands judgment against the defendant for the sum of one thousand nine hundred and fifty dollars, and for the costs and disbursements of this action."

The jury rendered a verdict in favor of the plaintiff for $650.

*Opinion.*—The first seven exceptions, which will be reported, raise questions that have been recently decided by this Court in the case of *Young* v. *W. U. Tel. Co.,* 65 S. C., 93, and must be overruled.

The eighth exception is as follows: "Eighth. Because his Honor erred in refusing the motion of the defendant for a new trial; whereas, the Court should have granted said motion on the grounds upon which it was based, and especially upon the grounds that no actual or compensatory damages were proved, and the verdict could be explained only upon the assumption that the jury intended to inflict punitive

damages; and the Court should have granted a new trial, for the reason that a verdict awarding punitive damages against the defendant was illegal, in that there was no evidence of whatever character submitted to the jury from which it could be deduced that the defendant or its agents, in failing to deliver the telegram in question promptly, acted wilfully, intentionally or wantonly, or with such a frame of mind as would make it liable for punitive damages."

The allegations of the complaint are appropriate to an action for punitive damages. In the case of *Meyers* v. *Southern Ry. Co.,* 64 S. C., 514, the principle is announced that if the defendant's agent consciously invades the plaintiff's rights his conduct is wilful or wanton and such as would subject the defendant to punitive damages. In the case of *Griffin* v. *Southern Ry. Co.,* 65 S. C., 122, the Court says: "It is frequently difficult to tell whether an act of wrong is attributable to wilfulness or mere inadvertence, which is the foundation of negligence, and whenever the facts are susceptible of more than one inference, it is peculiarly the province of the jury to determine such question." These cases are cited with approval in the recent case of *Marsh* v. *W. U. Tel. Co.* There was testimony tending to show that the defendant's messenger boy did not go to the house in which H. F. Jumper lived when the message was handed to him to be delivered to H. F. Jumper. If he failed to go to the house and such failure was intentional, the plaintiff was entitled to recover punitive damages. These facts were properly submitted to the jury for its determination.

The ninth exception is as follows: *"Ninth.* Because it is respectfully submitted that there was no evidence before the jury which justified a verdict against the defendant for actual damages in any sum; and there was no evidence before the jury of any wilful, intentional or wanton conduct, or of a frame of mind on the part of the defendant or its agents, which would justify a verdict for punitive damages,

and, therefore, the verdict should have been set aside by his Honor, on the motion for a new trial."

Whether there was *any* testimony to sustain a verdict is a question of law, but whether the verdict is *justified* by the testimony presents a question of fact, which cannot be considered by this Court.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.