### TINSLEY v. WESTERN UNION TEL. CO.

1. EVIDENCE.—RELEVANCY of testimony is so largely within the discre-
   tion of the trial Judge that a judgment will not be reversed for
   admission of irrelevant evidence, unless it appear to have been harm-
   ful to appellant.
2. IBID.—TELEGRAPH COMPANIES.—In an action against a telegraph com-
   pany for failure to deliver a telegram announcing a death and
   requesting a conveyance, it is proper to show the amount of money
   the sender had on arrival at destination as means of procuring other
   conveyance.

3. CHARGE.—Remarks made by trial Judge in ruling on objections to evidence, is not a charge on the facts.

4. TELEGRAPH COMPANY is not liable for failure to transmit message caused by defects in wire occasioned by act of God, but if defect was caused by company's negligence, it is its duty to receive messages and transmit with all reasonable dispatch.

5. EXCEPTIONS simply quoting a portion of the charge are too general.

6. NEGLIGENCE—WILFULNESS.—An inadvertent failure to observe due care indicates mere negligence, but an advertent or conscious failure to observe due care passes beyond mere negligence into wantonness and wilfulness.

Before WATTS, J., Laurens, January, 1905.    Affirmed.

Action by Clarence Tinsley against Western Union Telegraph Co.    From judgment for plaintiff, defendant appeals.

*Messrs. Ferguson & Featherstone* and *Evans & Finley,* for appellant.    The former cite: *Plaintiff is not entitled to punitive damages:* 62 S. C., 252; 2 Rich., 182; 14 Rich, 353; 15 S. C., 412; 12 Ency., 24; 64 S. C., 519; 65 S. C., 516; 1 Suth. on Dam., 724; 68 S. C., 99.

*Messrs. Dial & Todd,* contra, cite: *Relevancy of testimony is within discretion of trial Judge:* 60 S. C., 70, 208. *Evidence as to amount of money sender had is competent:* 63 S. C., 570; 53 S. C., 214; 65 S. C., 97, 437; 54 S. C., 498; 50 S. C., 129; 54 S. C., 314.    *Remarks by Judge during progress of trial are not a charge on the facts:* 61 S. C., 21.    *Conscious failure to observe due care is wilfulness:* 60 S. C., 74; 54 S. C., 505; 70 S. C., 424; 65 S. C., 41, 438.

October 7, 1905.    The opinion of the Court was delivered by

MR. JUSTICE JONES.    This appeal is from the judgment on a verdict for $100, in an action for damages for mental anguish for alleged negligent and wanton failure to promptly deliver the following telegram: "Enoree, S. C., March 17, 1904.    Richard Fuller, Mountville, S. C.    My

baby dead.   Meet me with wagon at High Point.   Bring Hugh Henderson.   Clarence Tinsley."

The message was received at the Enoree office about 9.30 A. M., and was transmitted from that office to Augusta at 1 o'clock P. M., and reached the Mountville office through another relay office at 3.25 P. M., and was not actually delivered until next day.   Fuller did not live within the corporate limits of Mountville.   He, however, some time later received notice of the message over the 'phone through another, and proceeded to make arrangements to go to High Point with a wagon, and arrived there about sundown.   In the meantime, the train bearing plaintiff, the corpse and attendants, reached High Point at 2.20 P. M.   The weather was cold and windy.   The remains reached plaintiff's mother's home, about six miles distant, some time after dark.   The funeral was not had until next day.

The first exception alleges error in allowing plaintiff to testify as to how much money he had when he got to High Point, on the ground that the testimony is irrelevant.   The irrelevancy of testimony is so largely left to the discretion of the trial Judge that the judgment will not be disturbed, unless it clearly appears to have been harmful to appellant.   *Watts* v. *R. R. Co.,* 60 S. C., 70, 38 S. E., 240.   We fail to see how the testimony could injure appellant even if irrelevant.   But it was not wholly irrelevant.   It was designed to show the situation of plaintiff, with respect to means of procuring other transportation, produced by the failure to have transportation for the corpse on arrival of the train as a result of the non-delivery of the telegram.

The second exception assigns error in some remarks made by the Court in presence of the jury while making a ruling as to the admissibility of testimony.   Plaintiff having testified as to the exposure to the weather at High Point during the delay there, defendant's counsel was seeking to show that there were houses of other people near the station where he might have resorted.   The Court

at first, regarding the testimony incompetent, remarked: "It was the duty of the telegraph company to deliver and promptly transmit the message; it was not his business to go off hunting up people's houses, etc." He immediately afterwards decided to permit the testimony to be brought out and directed the appellant's counsel to go ahead. It is objected that the remark of the Court was a charge upon the facts and prejudicial to appellant. The case of *State* v. *Marchbanks,* 61 S. C., 21, 39 S. E., 187, shows that such remark by the Court during the progress of the trial is not a charge upon facts. The exception does not indicate wherein the remark was otherwise prejudicial.

The third exception alleges error in certain remarks made by the Court during the examination in chief of defendant's witness. Defendant's counsel was endeavoring to show by his witness that defendant company transmitted the message as promptly as possible in view of the condition of the wires. One of the wires was down and the circuit of the other wire was frequently interrupted from some unexplained cause, and this wire was at intervals being used by the train dispatcher and for railroad messages. Plaintiff's counsel objected to the witness stating anything unless he knew of his own knowledge, whereupon the Court remarked that he did not think it made any difference how the message got there, if defendant received the message, it was its duty to get it there as quickly as it could, no matter what wire it used. Appellant's counsel conducted the examination of the witness on that point. The exception to this remark is based upon the ground that it was calculated to prejudice the defendant and cut off one of its defenses, viz: that it had no wire which it could use for the purpose of transmitting the message, of which plaintiff had been informed. We think the Court's remark could have no such meaning. The ruling as to the admissibility of the testimony was favorable to appellant, and the accompanying remark was not a charge upon facts; furthermore in the charge to the jury, the issues raised by defendant were clearly stated.

23—72

The fourth exception is to the following charge to the jury: "I charge you as a matter of law that it was the duty of the Western Union Telegraph Company, the defendant here, to receive this message when it was tendered, when the party offered to pay reasonable charges exacted of him by the defendant company. That it was the duty of the defendant company to transmit that message from the point at which it was received to its destination. It was their duty to observe due care in properly transmitting and delivering that message. It was their duty to receive it and transmit it when the plaintiff paid them the charges they exacted, and it was their duty to exercise the same care and diligence that an ordinarily prudent person would be expected to exercise under similar circumstances." It is objected that the charge excluded from the jury the defense that the wires were in such condition that it was impossible to transmit the message, and that said message was received subject to indefinite delay, of all which plaintiff had notice. If the condition of the wire was due to an act of God, the law on that subject was explained to the jury, and they were instructed that the defendant was not liable if the failure to transmit promptly was due to such cause. If the condition of the wire was due to defendant's negligence, defendant was nevertheless bound to receive the message upon payment of charges and transmit with all reasonable dispatch. The Judge's charge only held defendant to the duty of exercising ordinary care under the circumstances.

The fifth exception quotes a portion of the Judge's charge and alleges that it was error without specifying wherein the error consisted, and, is, therefore, too general, and the sixth exception also quotes a portion of the charge and alleges that it was not in accordance with the law of this State, as to punitive damages, without stating wherein it is contrary to law and is also too general. If, however, the object of these exceptions is to question the correctness of the Judge's charge to the effect that "a

conscious failure to observe due care is wantonness or wilfulness," and so would justify punitive damages, they cannot be sustained in view of our decisions. *Pickens* v. *R. R. Co.,* 54 S. C., 505, 32 S. E., 567; *Watts* v. *R. R. Co.,* 60 S. C., 74, 38 S. E., 240; *Myers* v. *R. R.,* 64 S. C., 519, 42 S. E., 598; *Buller* v. *Telegraph Co.,* 65 S. C., 516, 44 S. E., 91. An inadvertent failure to observe due care indicates mere negligence, but an advertent or conscious failure to observe due care passes beyond mere negligence into wantonness or wilfulness.

The exceptions are overruled, and the judgment of the Circuit Court is affirmed.

THE CHIEF JUSTICE *did not participate in this opinion because of illness.*