## WILLIS v. WESTERN UNION TEL. CO.

1. EVIDENCE—MENTAL ANGUISH.—In suit for punitive damages against telegraph company, that plaintiff suffered mental anxiety before default of company, is irrelevant, but it is harmless error to admit statement of plaintiff as to his feelings that would be the result of such intelligence to every human, provided his peculiar apprehensions and conclusions are excluded.

2. CHARGE.—The use by trial Judge of strong language during admission of evidence with regard to matters of fact about which there could not possibly be two opinions, is not prejudicial, but a statement that would make him a participant in the decision of the facts, would be error.

3. EVIDENCE—CROSS-EXAMINATION—CONTRADICTING WITNESS—RES GESTAE.—TELEGRAPH COMPANY cannot show reason for delay in delivery of message by eliciting from plaintiff on cross-examination that he had admitted on former trial that its agent had told him the message was sent to wrong place by mistake; nor is the question competent to test the credibility of the plaintiff; nor is it a part of the *res gestae.*

4. NEGLIGENCE—JURY.—The rule that one affected by negligence must use all reasonable means to avoid or minimize the damages, applies when it is clear the party knew of such means, but otherwise it is proper to submit to the jury if party knew of and refused to use such means, it should be considered in mitigation of damages.

5. TELEGRAPPH COMPANIES—PUNITIVE DAMAGES.—Unexplained delay in delivery of a telegram for twenty-two hours is sufficient to warrant a jury in awarding punitive damages.

Before WATTS, J., Cherokee. Affirmed.

Action by James A. Willis against Western Union Telegraph Company. From judgment for plaintiff, defendant appeals.

*Messrs. Geo. H. Ferrons, Evans & Finley* and *J. C. Jeffries, for appellant,* cite: *State of mind of plaintiff is incompetent:* 69 S. C., 598; *Jones* v. *Tel. Co.,* 71 S. C.; Joyce on Dam., sec. 1014; 53 S. C., 210. *Remarks of Judge charge on facts:* 35 S. E., 283. *Intent with which act was done is admissible:* 8 Ency., 693. *Party injured should avert or minimize harmful consequences:* 69 S. C., 537. *No ground for punitive damages:* 69 S. C., 445; 54 S. C., 498; Joyce on Dam., sec. 119; 65 S. C., 430.

*Messrs. W. S. Hall, Jr.,* and *Butler & Osborne,* contra, cite: *Plaintiff properly stated that he had suffered:* 8 Ency., 2 ed., 658, *et seq. Expressions of trial Judge are not charge on facts:* 50 S. C., 293; 52 S. C., 537; 54 S. C., 80; 55 S. C., 403; 41 S. C., 128; 38 S. C., 31; 39 S. C., 350; 40 S. C., 36; 47 S. C., 519. *Objection too late after verdict:* 100 N. C., 519; 8 Ency. P. & P., 272; 11 Nev., 149; 48 Wis., 643; 165 Mass., 175. *Statement of agent would be hearsay:* 53 S. C., 448; 56 S. C., 360. *Proper foundation for contradiction not laid:* 1 Green. Ev., sec. 449. *What is a reasonable effort to avoid damages is for jury:* 8 Ency., 2 ed., 605, 606. *Unexplained delay in delivery of telegram warrants punitive damages:* 65 S. C., 99. *This Court cannot grant*

*new trial because verdict is excessive or unreasonable:* 53 S.
C., 210; *Duke* vs. *Tel. Co.,* 71 S. C.

March 1, 1906. The opinion of the Court was delivered
by

Mr. Justice Woods. This action is for damages, actual
and punitive, on account of mental anguish caused by the
failure to transmit and deliver a telegram. There was a
former appeal from a judgment for the plaintiff, in which a
new trial was ordered—69 S. C., 531. Upon the second
trial plaintiff again recovered a verdict and defendant ap-
peals.

These facts testified to by plaintiff and his father seem to
be undisputed: The plaintiff received at Gaffney, where he
resided, a telegram from his father summoning him to
Blackville, the home of his parents, on account of the ex-
treme illness of his mother. Upon reaching Spartanburg,
on his way to Blackville, plaintiff, at 10.33 A. M., delivered
to defendant for transmission to his father at Blackville a
telegram in these words, "Wire me at Columbia, care train
14, stating mother's condition." The plaintiff on his arrival
at Columbia inquired at defendant's office for the answer he
expected from his father, but was told there was nothing
for him. / He remained in Columbia from 2 o'clock P. M.
until 3 P. M., and on leaving asked defendant's operator to
forward message to Branchville, telling her he would not
leave that place according to schedule until 7 o'clock P. M.
The expected message in reply was not sent by plaintiff's
father, because the telegram of inquiry was not delivered to
him until 9 o'clock P. M., after plaintiff had reached his
mother's bedside. There was, therefore, a delay in trans-
mission of twenty-two hours and twenty-seven minutes. At
Columbia the plaintiff could have communicated with Black-
ville by one telephone line and two telegraph lines. If his
message had been delivered promptly, a reply would have
been sent immediately to the effect that his mother was a
little better. The claim for damages is founded on the al-

leged suspense and anxiety of the plaintiff from the time he reached Columbia until his arrival in his father's house, which, it is alleged, would have been relieved by a telegram from his father, but for the delay in transmitting the message of inquiry to him.

The defendant first submits the plaintiff should not have been allowed to state that he was anxious and very much worried about his mother's condition before he reached Spartanburg. It is true, the defendant was not responsible for the suffering of the plaintiff on account of his mother's illness, and in that sense the evidence was irrelevant, but any error in its admission was harmless, because he merely stated what would be the result of such intelligence to every normal human being, and it was made perfectly clear in the charge of the Circuit Judge that the defendant was not responsible for this suffering.

Plaintiff was asked this question: "Mr. Willis, when you got to Columbia and failed to find this message, made diligent inquiry if a message had come, and had to leave there without receiving any message, state whether or not you suffered any mental anguish on account of this failure?" and against defendant's objection was allowed to answer, "Yes, sir; I did suffer." We do not think that the position of defendant's counsel that this evidence should have been excluded, on the principle laid down in the former appeal, is tenable. There the inquiry was, could the plaintiff, in testifying, state his own peculiar apprehensions and conclusions as to the condition of his mother when he failed to receive a telegram from his father in answer to his inquiry, and it was held that the particular conclusions and apprehensions of the plaintiff were incompetent, because different individuals would reach different conclusions and have different apprehensions according to temperament. But the inquiry here was not as to peculiar fears, apprehensions and conclusions. The failure to receive an answer to a telegram about an ill mother would have brought the suffering of suspense and anxiety to any normal human being, circumstanced as the

plaintiff was, whatever might be his peculiar temperament. The question and answer, therefore, involved no claim to damages due to particular conclusions and fears which might be peculiar to the plaintiff. To sustain this exception would require an extension of the rule laid down in the former appeal in this case beyond its reason.

In overruling the objection of the defendant to the question just discussed, the presiding Judge made this comment:

"I don't know what the jury would think about a matter of that sort, but I know once when I was holding Court in Abbeville and two of my children got very sick, and they telegraphed that they were about to die, and I told them to telegraph me at Monroe, I was in torture until I got a telegram at Monroe and found they were better. I will allow him to state the distinct fact that he did suffer, without going into how he suffered;" and in excluding the question, "Mr. Willis, are you of a nervous temperament?" he said further: "Don't you know that the jury has got sense enough to know that if a man's mother was sick, unless he was a brute, he would suffer?" The general rule is that remarks made by a Circuit Judge in the course of the trial in ruling upon the admissibility of evidence do not fall within the inhibition of the Constitution against charging the jury as to matters of fact. *State* vs. *Marchbanks,* 61 S. C., 17, 39 S. E., 187; *State* vs. *Thrailkill,* 71 S. C., 142; *Tinsley* vs. *Tel. Co.,* 72 S. C., 352. No doubt, if such comments were carried to an extent that would make the Circuit Judge a participant in the decision of the facts upon which the issue depended, this would be good ground for a new trial, as amounting practically to a disguised charge on the facts. In this instance it cannot be denied the Circuit Judge used strong language, but it related to matters of fact about which there could not possibly be two opinions, and the defendant, therefore, was not prejudiced.

It is submitted next there was error in not allowing defendant's counsel to ask the plaintiff if he had not stated on the former trial that defendant's agent at Blackville told

him the telegram had been sent to Blacksburg by mistake. If the plaintiff were asking punitive damages for high-handed conduct of the defendant in refusing to give any information about his delayed telegram, then the fact that the defendant attempted to give a *bona fide* and reasonable explanation would have been relevant. But the task of the defendant here was to prove by competent testimony that there was some good reason for the delay, and this it could not do by the declaration of its agent made to the plaintiff or any other person in its own favor as to the cause of the delay. The record does not disclose that the defendant offered any evidence that the telegram had been sent to Blacksburg by mistake, and therefore supposing the question to have been asked for the purpose of testing the credibility of the witness, it related to a matter only collateral and entirely unconnected with any other portion of the evidence. *State* vs. *Adams,* 49 S. C., 414; 27 S. E., 451. The statement of the Blackville agent to plaintiff was not part of the *res gestae,* for it was made many hours after the telegram had been delivered at Spartanburg to another agent for transmission, and any statement made by the Blackville agent to the effect that it had been sent to Blacksburg by mistake was necessarily founded on hearsay.

The defendant insists the Circuit Judge erred in refusing to charge the following request: "If you find that the plaintiff had other available means of communication with his father at hand, and by using the same could have prevented any mental anguish or suffering on his part, I charge you that it was his duty to do so, and if he refused or failed to do so your verdict should be for the defendant." Without doubt, it is the duty of one affected by negligence to use all reasonable means to avoid or minimize the damage, and the request considered as an abstract proposition of law was sound. But there was no evidence whatever tending to show that the mental anguish or prolonged anxiety suffered by plaintiff in Columbia while waiting for a telegram could have been entirely avoided by his

action. On the contrary, it is clear no degree of diligence in using other means of communication could have relieved him entirely from the consequences of defendant's default; for some delay, and hence prolonged anxiey would have been incidental to any effort to establish communication either by telegraph or telephone. Unless all the evidence offered in this case is to be discarded, the only practical issues, therefore, are as to the amount of the damages and whether punitive damages should be allowed. It is, therefore, clear that the Circuit Judge covered the point as to the use of other means of communication, when in refusing defendant's ninth request, he said: "That if he had any means of communicating with his father in Columbia, whereby his suffering and anxiety, if any, could be relieved, such as telephone and telegraph communication, he could not sit still and suffer. But I charge you that it was his duty to use those means in his power and thus relieve further suffering on his part; and if you find that plaintiff failed or refused to use such reasonable means as he had to diminish his suffering and damage, then you should consider that in mitigation of any damages resulting from such a failure on his part." In as much as it does not clearly appear from the testimony that plaintiff knew of other means of communication, or that they were so close at hand that in using them he could have reasonably expected information as to his mother's condition, within the hour of his detention between trains in Columbia, by their use, the Circuit Judge properly left it to the jury to say whether in the exercise of due diligence the plaintiff should have used such other means of communication. 8 A. & E. Ency. Law, 605-606.

The request to charge that there was no evidence to warrant a verdict for punitive damages was properly refused, under the authority of *Young* vs. *Tel. Co.,* 65 S. C., 93, 43 S. E., 448. In that case it was held: "Facts that a telegram remained in possession of defendant company for fourteen hours without delivery, and absence of evidence tending to show effort to deliver, are circumstances

25—73

proper to go to the jury as to reckless disregard of plaintiff's rights." In this case there was an unexplained delay of over twenty-two hours.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.