6712

## GLOVER v. WESTERN UNION TEL. CO.

1. EXCEPTION—APPEAL.—Where record does not disclose on what ground motion for new trial was made, exception alleging error in refusal will not be considered.

2. CHARGE.—A remark made by trial Judge during the progress of the case is not a charge on the facts.

3. TELEGRAPH COMPANIES—PLEADINGS.—An allegation that a telegram was received too late to enable the addressee to reach his sick son until late on a particular night, held to include the issue of the failure of telegraph company to give him sufficient notice to put him in a position to minister to his sick son.

4. IBID.—EVIDENCE—RES GESTAE.—Declarations of a messenger boy in delivering a message to another for the addressee is admissible as a part of the *res gestae* and as throwing light on whether the delivery to such third person was negligent or in wilful disregard of duty.

5. IBID.—PARTNER.—A telegram should be delivered to the addressee personally or to some one expressly or impliedly authorized to receive it. A telegram addressed to one about private or social matters should not be delivered to his business partner in absence of authority in partner to receive it.

6. IBID.—WILFULNESS—ISSUES.—A telegraph company having delivered a message to a third person not authorized by the sender or addressee to receive it is responsible for the consequences of any delay by such person in delivery to the addressee as if such third person had been authorized to deliver as its agent. Here the long delay in delivery by such third person having been probably caused by misleading information to him by messenger as to its contents properly sent to the jury on issue of wilful disregard of duty.

Before GAGE, J., Aiken, fall term, 1906.  Affirmed.

Action by Paul B. Glover against Western Union Tel. Co. From judgment for plaintiff, defendant appeals.

*Messrs. Geo. H. Fearons* and *Nelson & Nelson* for appellant, cite: *No evidence here of wilfulness:* 76 S. C., 301. *In absence of addressee delivery to one in charge of his business or home is a proper delivery:* 47 Pac., 989; 98 Ind., 569; 24 Fed., 119. *Carrier is only bound to ordinary care and diligence in delivery:* 69 S. C., 548; 72 S. C., 116; 74 S. C., 64. *Mere delay is not evidence of wilfulness:* 73 S. C., 520.

*Messrs. Hendersons,* contra, cite: *Exceptions not stating error in refusing new trial will not be considered:* 70 S. C., 75. *Remarks made by Judge during trial is not charge on facts:* 73 S. C., 383. *As to declarations of an agent:* 72 S. C., 258. *Message must be delivered to addressee:* 27 Ency., 1027; 10 Am. St. R., 773; 27 Id., 923; 93 Id., 862; 55 S. E., 363; 66 Am. St. R., 911; 74 S. C., 64. *There was evidence here from which wilfulness could be inferred:* 62 S. C., 325; 63 S. C., 432; 75 S. C., 270; 65 S. C., 90; 72 S. C., 258; 73 S. C., 523.

November 28, 1907. The opinion of the Court was delivered by

Mr. Justice Jones. Plaintiff brought this action for damages, actual and punitive, for mental anguish caused by the failure of defendant to promptly deliver a telegram filed at its Atlanta office on the morning of March 27, 1904, announcing to plaintiff the critical illness of his son in Atlanta, Ga.

Defendant in its answer alleged that the telegram was transmitted to Aiken, S. C., as speedily as possible under the existing conditions that day; that the message was delivered promptly at plaintiff's place of business, the Aiken Bottling Works, and was receipted for there by the partner of plaintiff, one Royal; that the delivery sheet being signed "P. B. Glover," defendant's Aiken manager did not know until sometime afterwards that the telegram had not been actually received by Mr. Glover himself, as the signature on the delivery sheet indicated; that such delivery was proper and legal and that if there was any negligence, it was on the part of Royal in failing to promptly deliver to Glover the said message.

The trial resulted in a verdict and judgment thereon in favor of plaintiff in the sum of five hundred dollars, from which defendant appeals.

The message was filed at defendant's Atlanta office on March 27th between 9:30 and 10 o'clock a. m., central time, according to testimony for plaintiff, and at 11 o'clock a. m., central time, according to testimony for defendant, and was transmitted to Aiken, S. C., through the Augusta relay office, reaching Aiken at 2:25 p. m. When the message was delivered to the messenger boy, he, at 3:10 the same afternoon, carried it to the store of Mr. Wesley Royal, who receipted for it in the name of "P. B. Glover." Royal delivered the message to plaintiff a few minutes before eight o'clock next morning, March 28th. Plaintiff reached the bedside of his son in the hospital at Atlanta that night about

9 o'clock.   Plaintiff's son in a few weeks recovered from his illness.

The first exception is to the refusal to grant a new trial. The record does not disclose on what ground the motion for a new trial was made and, therefore, this exception cannot be considered. *Pearlstine* v. *Insurance Company,* 70 S. C., 75, 49 S. E., 4.

The second exception assigns error in some remarks made by the Court in the presence of the jury while ruling as to the admissibility of testimony.   During the examination-in-chief plaintiff was asked this question by his counsel: "When you opened the telegram did that or not cause you mental pain and anguish?   A. It certainly did, there are no words to express my feelings.

"Mr. Barrett:   We object to that.   The knowledge that his son was sick caused him anxiety, but the telegraph company did not make him sick and he is not suing us for transmitting the telegram giving the information which caused him anxiety.   It was Providence made him sick, not the telegraph company.

"The Court: The telegraph company is liable, not for Mr. Glover's mental anxiety over the illness of his son, but for the failure of the telegraph company to give him sufficient notice to put himself in a position to minister to the sick son, and that is the thing that caused him the anxiety and that is the thing that would make the telegraph company liable. You can direct your questions to that point."

It is objected that the Court in stating that "The telegraph company is liable" expressed an opinion on the facts.   This is not a *charge* on the facts in violation of the Constitution, but merely a remark made by the Court during the progress of the trial.   *State* v. *Marchbanks,* 61 S. C., 17, 39 S. E., 187, and cases cited:   *State* v. *Thrailkill,* 71 S. C., 143, 50 S. E., 551; *Tinsley* v. *Telegraph Co.,* 72 S. C., 352, 51 S. E., 913; *Willis* v. *Telegraph Co.,* 73 S. C., 379, 53 S. E., 639.

It is further objected that the Court erred in stating that the defendant was liable "for the failure of the telegraph company to give him sufficient notice to put himself in position to minister to the sick son," the error being that the complaint did not allege that the father could have ministered to his sick son, or that he was worried by not being able to minister to him. We think the statement of the issue by the Court was fairly within the meaning of the allegations in the complaint "that when said telegram was received on March 28th, it was impossible for this plaintiff to reach his said dangerously ill son until late on the night of March 28th." The whole context shows that the Court merely meant to limit plaintiff's proof to such mental anguish as resulted from defendant's negligence.

The third exception assigns error in not excluding testimony of Wesley Royal on cross-examination as to what the messenger boy said to him as to the contents of the telegram. Royal testified that when he asked the messenger boy if the telegram was about machinery, the boy said he thought it was. It is contended that the ruling was erroneous because it was not proven that the telegraph messenger had any authority to state the contents of the telegram, but that on the contrary it was shown he had no such authority, and that he is not supposed to know the contents of a telegram. The testimony was admissible not to show the contents of a telegram by the declarations of the messenger boy, but because the declaration accompanied the act of delivery to Royal and tended to explain it. The messenger boy being authorized to deliver the message, whether the act of delivery to Royal was proper, or negligent, or in wilful disregard of duty, was a litigated matter and accompanying declarations were admissible as a part of the *res gestae. Crawford v. Ry. Co.,* 56 S. C., 145, 34 S. E., 80.

The defendant requested the Court to instruct the jury as follows: "Unless some direction to the contrary be given

to the telegraph company, such company is author-ized to deliver at the place of business of the sendee any telegram directed to him." The instruction was given with this qualification: "But it must be delivered to the sendee's hand or to a hand authorized expressly or im-pliedly to receive it for the sendee." The defendant also requested the Court to instruct the jury: "If you find that the plaintiff, Mr. Glover, and Mr. Wesley Royal were in partnership and had a place of business, and that the tele-gam directed to the plaintiff was delivered to Mr. Royal at such place of business, and he receipted therefor in the name of Mr. Glover, this would be sufficient to acquit the tele-graph company of any negligence as to the delivery." This instruction was also given with the added words: "If you find Mr. Royal was authorized expressly or impliedly to receive the same for Mr. Glover."

The fourth and fifth exceptions charge error in so modify-ing defendant's requests. The appellant fails to indicate wherein the action of the Circuit Court was erroneous and prejudicial and it is not apparent wherein the error consists. The duty which the telegraph company owes to the ad-dressee of a telegram is personal and is not fulfilled until reasonable diligence has been exercised to place it in his hands, and the jury must say whether such due diligence has been exercised. *Western Union Tel. Co.* v. *Mitchell*, 66 Am. St. Rep., 911. This duty to deliver personally is not as a matter of law fulfilled by a delivery to a third person at the place of business of the addressee, unless such person is authorized to receive such message. Possibly if the mes-sage related to a matter of business within the scope of a partnership, a delivery of such a message to a partner of the addressee might, under certain circumstances, be regarded as the exercise of reasonable diligence. But there is no im-plication that one partner is authorized to open, receive or transmit telegrams relating to private and social matters of the other partner. It would have been error to have given the instructions requested and the modification was proper.

We next consider whether there was any evidence of a wilful failure of duty. This question is raised by the exception to the refusal to charge that there was no evidence that would warrant a verdict of punitive damages. The testimony was undisputed that defendant's wires from Atlanta to Augusta were not in good working order on March 27th, due to causes over which the telegraph company had no control, hence the delay in transmission to Aiken may be regarded as fully explained. After the message reached Aiken, there was a delay of more than sixteen hours before the message was put in the hands of the plaintiff. It is now well settled that long, unexplained delay in the delivery of a telegram, in the absence of undisputed evidence of effort to deliver, is sufficient to go to the jury on the question of punitive damages. *Young* v. *Tel. Co.,* 65 S. C., 93, 43 S. E., 448; *Machen* v. *Tel. Co.,* 72 S. C., 264, 51 S. E., 697; *Willis* v. *Tel. Co.,* 73 S. C., 385, 53 S. E., 639; *Roberts* v. *Tel. Co.,* 73 S. C., 520, 53 S. E., 935; *Key* v. *Tel. Co.,* 76 S. C., 301; *Dempsey* v. *Tel. Co.,* 77 S. C., 399; *Todd* v. *Tel. Co.,* 77 S. C., 522.

The question whether Royal was authorized to receive the message was squarely submitted to the jury under proper instructions, and the verdict of the jury involves a finding that Royal had no authority from plaintiff to receive the message. Was the delivery to such unauthorized person merely negligent, or was it in wanton disregard of duty? There was no evidence that defendant's agent at Aiken, who gave the telegram to the messenger, had reason to believe Royal was a partner of Glover or authorized to receive his telegrams, nor was there any undisputed evidence that the messenger boy had reason to believe that Royal was authorizel to receive a message of such serious import. (Mr. Glover denied that there was any partnership at that time.) There was evidence, therefore, tending to show that the error in delivering the message to Royal, and his receipt of it, was the result of incorrect and misleading information as to the import and urgency of the message given by defend-

ant's agent.   Mr. O. H. Holly, manager of the defendant
company at Aiken, testified that one of the duties of a mes-
senger boy was to help copy the messages, through a copy-
ing press, and that he would not ordinarily know the con-
tents of a message unless he especially noticed.   This tended
to show that the messenger boy may have known the con-
tents of the message.   It was for the jury to say whether
the delivery to Royal, under misleading information as to
the contents of the message, was a mere inadvertence or
was the result of a wilful disregard of duty.   A telegraph
company having delivered a message to a person not author-
ized by the sender or addressee to receive it, is responsible
for the consequence of any delay by such person in deliver-
ing to the addressee, just as if such third person had been
authorized by the company to deliver as its agent.   Royal
did not deliver the message until next morning, after a
delay of fifteen or sixteen hours.   He testified that after
closing his store that night he passed plaintiff's house on his
way home at about 10 o'clock and called at the house to
deliver the message, but no one answered.   The plaintiff
and his wife were then in the house, and it seems were not
aware of Mr. Royal's call; but, assuming that Royal made
an effort to deliver the message that night, it was only after
a delay of about seven hours after it was placed in his hands.
It may be a reasonable inference that Royal's long delay
was the result of ignorance as to the urgency of the tele-
gram, but this ignorance may also have been the result of
the information defendant's agent gave him concerning the
message.   On the whole, we think there was some evidence
of misconduct in the delivery of this urgent message, so
gross as to pass beyond mere negligence into a reckless and
wanton disregard of defendant's duty to plaintiff.   The facts
in this case more nearly resemble those in *Machen* v. *Tel.
Co.,* 72 S. C., 263, 51 S. E., 697, than those in *Roberts* v.
*Tel. Co.,* 73 S. C., 526, 53 S. E., 985.

The exceptions are overruled and the judgment of the
Circuit Court is affirmed.