8110

HUMPHRIES v. SPARTANBURG RAILWAY, GAS AND ELECTRIC COMPANY.

Punitive Damages.—The street railway company held not liable for punitive damages under the evidence here for striking the wheel of a wagon drawn by a mule with the step of the car while the mule was backing the wagon on the track, scaring at a pile of earth, as there was no evidence of conscious advertent wrong on the part of the carrier's servants.

Before Wilson, J., March term, 1911. Modified.

Two actions (1) by A. J. Humphries against Spartanburg Railway, Gas and Electric Company, and (2) by Docia Humphries against same. Defendant appeals.

*Messrs. Sanders & DePass,* for appellant, cite: *Punitive damages should not have been sent to jury:* 44 Am. St. R. 476; 69 S. C. 444; 81 S. C. 143; 82 S. C. 87; 87 S. C. 160, 316. *Duty of employees of street railway is that of due and reasonable care:* 89 S. C. 276; 136 Cyc. 1517. *Proximate cause is not the principal cause:* 61 S. C. 565.

*Mr. Stanyarne Wilson,* contra, cites: *There was evidence of wilfulness:* 89 S. C. 99; 88 S. C. 14; 85 S. C. 456, 463. *Duty of one driving on the street:* 43 S. E 606; Clark's Acc. L., sec. 114; 36 Cyc. 1487; Joyce on Elec., sec. 597.

March 1, 1912. The opinion of the Court was delivered by

MR. JUSTICE WATTS. By agreement these two cases were tried together in the Circuit Court. The plaintiff, A. J. Humphries, seeks to recover two thousand ($2,000.00) dollars damages on account of the alleged negligent, wilful and wanton breaking of his wagon, killing of his mule and jarring and frightening the plaintiff, by being struck by a car of the defendant, in a street in the city of Spartanburg. The plaintiff, Docia Humphries, seeks to recover two thousand ($2,000.00) dollars on account of injuries received by her while riding in a wagon with her husband on a street in the city of Spartanburg, caused by said wagon being struck by a car of defendant, which was carelessly, wilfully and wantonly run against said wagon. The answer of the defendant was a denial of each and every allegation of the complaint, and set up the defense of contributory negligence. At conclusion of the evidence defendant moved the Court to direct a verdict in favor of

the defendant as to the cause of action for wilfulness and wantonness. This motion was refused. The jury returned a verdict in favor of plaintiff for three hundred ($300.00) dollars, and in favor of the plaintiff, Docia Humphries, for one hundred and thirty-three ($133.00) dollars. The exceptions question the correctness of his Honor's rulings and refusal to direct verdict in favor of defendant as to the cause of action for punitive damages, and also the correctness of his charge in several particulars shown in the exceptions.

Was it error on the part of his Honor in refusing to direct a verdict for the defendant as to punitive damages? We think so. The testimony of plaintiffs tend to show that on May 15, 1909, the plaintiff was driving on North Church street, in the city of Spartanburg, on left side of street, and coming to a place where the street hands had thrown out a pile of dirt, his mule stopped, and getting scared at the pile of dirt, started to back the wagon, cutting it in towards the track of defendant company. When the mule stopped, at this pile of dirt, a car of defendant company was opposite the postoffice, a short distance in rear of the wagon. This car started forward just about the time the mule began to back and cut the wagon in towards the track of defendant. The wagon in which plaintiffs were riding was covered from front to rear, both ends being open. The plaintiff was sitting in front part of wagon on right-hand side, driving his mule. While the mule was backing the plaintiff was holding the lines in his right hand, slapping or whipping the mule with them. The plaintiff, A. J. Humphries, testified that while the mule was backing, and when the car was within about ten steps of the wagon, he motioned with his left hand and the motorman said, "Get out of the way." That almost immediately afterwards, and about the time the mule backed the wagon on the track, the car collided with the left-hand wheel, breaking the wheel and throwing the mule to the ground,

and that the mule died about a month thereafter. The plaintiff also testified that the car came to a stop four or five feet after it had passed the wagon. That the conductor immediately got out of the car, came back and inquired whether plaintiff or his wife had been injured and offered assistance. The injuries to the wagon were about five or ten dollars. The mule was worth one hundred dollars. No bodily injuries were inflicted on A. J. Humphries.

The plaintiff, Docia Humphries, was injured, receiving a bruise on one of her limbs, which was sore for some time. There was no testimony showing that the employees of the defendant saw the plaintiff waving his hand, or as to what the speed of the car was.

The defendant's evidence tended to show that the car had stopped at the postoffice, not quite one hundred yards away from where the collision occurred, for the purpose of letting a passenger off. That shortly after starting, and before the car had acquired much speed, it was discovered that the wagon was being backed toward the track of the defendant. That immediately the motorman began ringing the gong, and as soon as it was discovered that there was danger of the wagon being backed on the track, and danger of a collision, he began to put on brakes. A passenger who was on the front of the car called out, "Lookout, lookout!" That the front step of the car struck the left-hand wheel of the wagon, breaking the same, and that the car was stopped before it had fully passed the wagon. That as soon as the car was stopped the employees of the company went out to where the plaintiff, A. J. Humphries, was, offering to assist him and inquiring as to whether any one was injured or not. They were then informed that neither had been hurt.

From the testimony it will be seen there "was no conscious failure on the part of the defendant to observe due care," as laid down in *Watts* v. *South Bound R. R. Co.,* 60 S. C., page 67, 38 S. E. 240; *Tinsley* v. *Telegraph Co.,* 72

S. C., page 350, 51 S. E. 913.    There is no evidence show-
ing that the servants of defendant consciously or intention-
ally did any act, or consciously or intentionally failed to
do what it ought to have done at the time of the collision
of the wagon in which plaintiffs were riding.    There was
evidence to prove ordinary negligence, but none to show
conscious advertent wrong.    The evidence indicates that
an honest effort was made to prevent the injury, and that
being so, no inferences of a conscious failure to discharge
the duty which defendant owed the plaintiffs could be
drawn, and the question of punitive damages should not
have been submitted to the jury.    The plaintiff, A. J.
Humphries, sued for personal injuries, as well as the value
of his mule and wagon.    His testimony shows that he
received no personal injury, but that his mule was worth one
hundred ($100.00) dollars, and his wagon from five ($5.00)
to ten ($10.00) dollars.    The judgment obtained by him
as to punitive damages is reversed, but as to his actual dam-
ages, one hundred and ten ($110.00) dollars, it is sustained.
He obtained judgment for three hundred ($300.00) dollars,
one hundred and ninety ($190.00) dollars of which neces-
sarily was for punitive damages.    As to this amount the
judgment is reversed.    The plaintiff, Docia Humphries,
sued for personal injuries.    The jury awarded her, as actual
or exemplary damages, one hundred and thirty-three
($133.00) dollars.    There is no way for the Court to deter-
mine what amount the jury intended for either actual or
punitive damages, and we have decided that the Court should
have directed a verdict for punitive damages, so as to her
the case must be remanded for a new trial as to actual dam-
ages.

The judgment as to A. J. Humphries shall be for a new
trial, unless he remits one hundred and ninety dollars of
the judgment in whole case within ten days after remittitur
is sent down.    If this is done the judgment for the remain-
ing sum shall be affirmed.