### 11296

### STATE v. MATTHEWS.

#### (118 S. E., 922)

1. CRIMINAL LAW—JUDGE'S REMARK DURING EXAMINATION OF WITNESS NOT ASSIGNABLE AS ERROR.—Remarks of presiding Judge during the examination of a witness cannot be assigned as error.
2. CRIMINAL LAW—JUDGE'S REMARKS WHILE EXCLUDING EVIDENCE NOT PREJUDICIAL.—A judge's remarks while excluding evidence that it was irregular, out of order, and offered to create sympathy, was not prejudicial.

Before MEMMINGER, J., Aiken, January, 1923. Appeal dismissed.

E. L. Matthews was convicted of violating the prohibition law and appeals.

*Mr. John Edwin Stansfield,* for appellant, cites: *Judge cannot discuss facts:* 117 S. C., 474; 80 S. C., 383; 81 S. C., 379; 99 S. C., 221. *Right to fair and impartial trial:* 117 S. C., 83; 120 S. C., 215; 116 S. E., 809.

*Mr. R. L. Gunter, Solicitor* for the State, cites: *Incidental remark not charge on facts:* 39 S. C., 350; 36 S. C., 533; 61 S. C., 21; 71 S. C., 142.

September 17, 1923.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an appeal from the sentence imposed upon the appellant, who was convicted under an indictment, charging him with a violation of the prohibition law. The only exception is as follows:

"For that his Honor, by way of comment upon the incompetency of testimony relative to the defendant having a wife and two daughters, erred in making the following remark: 'The Court: What has that got to do with this

case? It is irregular evidence and out of order. The man is being tried for a liquor charge. The question is perfectly out of order, and is to create sympathy in the minds of the jury. The question is absolutely out of order and ruled out' —the error being: (a) That his Honor by saying, 'The question is perfectly out of order, and is to create sympathy in the minds of the jury,' declared to the jury that the defendant was guilty and was seeking an acquittal on sympathy. (b) That his Honor, by the employment of the foregoing bold and powerful language, so expressed and conveyed to the jury his opinion of the guilt of the accused as to intimidate, overawe, and influence that body. (c) That the said statement uttered so dogmatically by a man of powerful personality and compelling influence, such as is possessed by his Honor, deprived the defendant of that fair and impartial trial guaranteed and secured to him by the Constitution of South Carolina. (d) That his Honor in making the aforesaid remark disparaged the testimony of the wife of the defendant and impugned the motive by which she was actuated to testify in behalf of the accused, and thereby destroyed the force and effect of the testimony of said witness."

The language alleged to be erroneous was not used by his Honor, the presiding Judge, while charging the jury, but during the examination of a witness. Therefore it cannot be assigned as error. *State v. Marchbanks,* 61 S. C., 17; 39 S. E., 187; *State v. Thrailkill,* 71 S. C., 136; 50 S. E., 551.

Appeal dismissed.

MESSRS. JUSTICES WATTS, COTHRAN, and MARION concur in result.

MR. JUSTICE FRASER dissents.

MESSRS. JUSTICES COTHRAN and MARION:

We concur upon the ground that the ruling of the Circuit Judge was correct, and that, while his comment was improper, it but stated an obvious inference

and could not reasonably have prejudiced the defendant. We do not, however, approve the sweeping declaration of the opinion that nothing that the Circuit Judge may say during the examination of witnesses can be urged as prejudicial error.  See *Latimer v. Electric Co.,* 81 S. C., 374; 62 S. E., 438.

MR. JUSTICE FRASER (dissenting) :  This is an indictment for having in possession certain contraband liquors.

When the defendant was on the stand, the record shows that the following took place:

"Q. Are you the defendant in this case?  A. Yes, sir.

"Q. What is your age?  A. I am in my forty-eighth year.

"Q. Where do you live?  A. Right in the edge of Graniteville.

"Q. Are you a man of family?  A. Yes, sir.

"Q. What is the extent of your family?  A. A wife and two daughters.

"The Court: What has that got to do with this case? It is irregular evidence and out of order.  The man is being tried for a liquor charge.  The question is perfectly out of order and is to create sympathy in the minds of the jury.  The question is absolutely out of order and is ruled out."

The defendant was convicted and appeals on the sole ground that his Honor erred in stating in the presence of the jury that the defense was trying to create sympathy.

It seems to me that the exception should be sustained. It is true a remark made by the presiding Judge in ruling on evidence, etc., is not treated with the same strictness as his formal charge, but these remarks must necessarily have their limits.  No one would seriously contend that a trial Judge could say in the presence of the jury, "The defendant and his witnesses have given testimony that is one tissue of false statements."  The fact that the judge was ruling on evidence and not formally charging the jury would not

cure the defect.    It is also true that a defendant sometimes raises a question and calls for a ruling when an adverse ruling will be prejudicial to him.    He has no right to complain.    He brought it on himself. ' In the case at bar, the question was not an unusual one, and the State did not object.    The presiding Judge did not have to wait for an objection by opposing counsel.    It was entirely proper to exclude incompetent testimony of his own motion.    In the case of *State v. Turner,* 117 S. C., on page 474, 109 S. E., at page 120, the presiding Judge said of a witness: "I think he is talking through his hat."    A new trial was granted, partly on the ground that the remark practically discredited the witness.    In the case at bar the remark tended to discredit the whole defense.

I think the judgment should be reversed, and a new trial ordered.