## ROBERTS v. WESTERN UNION TEL CO.

1. TELEGRAPH COMPANY—MENTAL ANGUISH.—If a telegram announc- ing serious illness of a relative be received outside of office hours by operator who happens to be in office, and death occurred before succeeding office hours, there is no liability on part of telegraph company for mental anguish caused by not being with deceased before death.

2. IBID.—NONSUIT—NEGLIGENCE—WILFULNESS.—In action for failure to deliver promptly a telegram, negligence, wilfulness and wantonness being alleged, nonsuit may be granted as to wilfulness, if there be no evidence to support that cause of action, and the other submitted to the jury. Mere delay in delivering a telegram is not sufficient to send case to jury on issue of wilfulness, there being evidence of effort to deliver.

3. IBID.—MENTAL ANGUISH.—In suits for mental anguish, it is generally proper to instruct the jury to warrant a verdict for damages, they must find not only that the plaintiff suffered mental anguish from defendant's breach of duty as a proximate cause, but that such breach of duty in their judgement would have brought suffering to a reasonable human being in the situation of plaintiff, but the modification of this doctrine by applying it to plaintiff and not to a reasonable human being, is not error here, there being no evi- dence as to individual temperament or peculiar apprehensions.

4. EVIDENCE—HEARSAY—IRRELEVANT—HARMLESS ERROR.—CONVERSATION between a witness and a telegraph operator over a telephone in reference to a telegram, is irrelevant to the issues raised in suit for failure to promptly deliver and hearsay, but its admission harm- less error.

5. TELEGRAPH COMPANY—MENTAL ANGUISH.—If the only mental an- guish a plaintiff could have suffered from failure to deliver a telegram were occasioned by being deprived of attending a funeral, jury should be instructed, if plaintiff had no intention of attending the funeral, they should find for defendant.

Before FRANK B. GARY, special Judge, Cherokee, November, 1904.   Reversed.

Action by Jennie Roberts against Western Union Telegraph Company.   From judgment for plaintiff, defendant appeals.

*Messrs. Geo. H. Ferrons, Evans & Finley* and *J. C. Jeffries,* for appellant.   The latter cite: *Judge should have submitted to jury, would an ordinary human being have suffered under like circumstances:* 69 S. C., 538; 62 Ala., 180; 56 Ala., 292.   *If plaintiff did not intend to attend the funeral, defendant is not liable for anguish arising from not attending:* 27 Ency., 1076.

*Messrs. Butler & Osborne* and *E. A. Trescot,* contra. The former cite: *Conversation between witness and operator not prejudicial to appellant:* 54 S. C., 314; 52 S. C., 453, 319; 53 S. C., 451; 27 S. C., 63; 50 S. C., 36; 56 S. C., 136.   *It was proper to modify appellant's request as to suffering by reasonable human being:* 69 S. C., 538; 60 S. C., 154. *Nonsuit should not be granted as to one of two causes of action jumbled together:* Act 1898, 693; 65 S. C., 125; 60 S. C., 605.   *There was some evidence of wilfulness:* 65 S. C., 99, 128, 438, 444, 521, 489; 60 S. C., 74; 64 S. C., 519; 67 S. C., 222; 53 S. C., 155; 57 S. C., 233.

March 16, 1906.   The opinion of the Court was delivered by

MR. JUSTICE WOODS.   The plaintiff recovered judgment for mental anguish arising from the failure of the defendant to deliver to her promptly the following telegram:

"Toccoa, Ga., 1-1-24.   To Mrs. Jennie Roberts, Blacksburg, S. C.   Fannie will not live but a few hours.

"W. E. Acree."

The plaintiff lived in Blacksburg, S. C., and the telegram referred to the illness of her sister at Toccoa, Ga. The defendant's Sunday office hours at Blacksburg were from 8 to 10 A. M. and from 4 to 6 P. M., but the operator was also railroad agent, and being at the office as railroad agent, he received this message at 2 o'clock P. M., on Sunday, January 24, 1904. It was not actually delivered until about 8 o'clock P. M. on Monday. The suffering alleged was for deprivation of the privilege, of which plaintiff would have availed herself, of being with her sister "before and at her death and of attending her burial and funeral, and of being with her family in the bereavement and during said funeral." The last train on which it would have been possible for plaintiff to reach her sister's bedside before her death, which occurred at 10 o'clock P. M. on Sunday, passed Blacksburg at 2:30 P. M. The defendant owed the plaintiff no duty to deliver before 4 o'clock, its regular afternoon office hour (*Bonner* v. *Tel. Co.*, 71 S. C., 303); it, therefore, was not responsible for the plaintiff's failure to be with her sister at and before her death, and the claim as to that alleged wrong need receive no further notice.

The operator testified he sent a messenger to deliver the telegram as soon as it was received; the messenger's evidence was that he could get no answer to repeated knocks at plaintiff's front door, and the effort was made to prove she was away from home on Sunday. The plaintiff, on the other hand, testified she was at home and knew of no effort to find her. There was some evidence that the telegram was again sent to plaintiff's residence at 3 o'clock the next day and not delivered because of her absence.

The Circuit Judge granted a nonsuit as to the cause of action for wilful or wanton wrong, but refused it as to the cause of action for negligence. The appellant's position that there was only one cause of action, though both negligence and wilfulness and wantonness were alleged, cannot

be sustained, for it has been finally settled otherwise.    When there is an entire failure of proof to support the cause of action for punitive damages, nonsuit should be granted as to that cause of action, leaving the cause of action for negligence to be submitted to the jury.    *Machen* v. *Tel. Co.,* 72 S. C., 256.

There was certainly evidence to go to the jury tending to prove that the plaintiff could and would have attended the funeral services of her sister, which were held about four o'clock Monday afternoon, if the telegram had been promptly delivered, and the defendant's motion for nonsuit as to actual damages was properly refused.    It is true she did not go when she did receive the message, but it was for the jury to say whether from its contents and the time which had elapsed she then had good reason to think she would be too late.

It is sometimes difficult to draw the line between a scintilla of evidence and no evidence on the subject of wilfulness, wantonness or recklessness.    It was held in *Young* v. *Tel. Co.,* 65 S. C., 93, 43 S. E., 448 ; *Machen* v. *Tel Co., supra;* and *Willis* v. *Tel. Co., ante,* 379, that long delay in the absence of effort to deliver is evidence to go to the jury on the question of punitive damages.    But here there was undisputed evidence of some effort to deliver.    It may be the effort was not sufficiently vigorous to repel the imputation of negligence, but on the whole we think the Circuit Judge was right in holding the mere delay was not sufficient to go to the jury on the issue of wilfulness, wantonness or recklessness in view of the evidence of efforts to deliver.    The exceptions of both plaintiff and defendant as to the nonsuit are overruled.

The defendant complains that the Circuit Judge after granting the nonsuit as to punitive damages charged the jury: "If the jury is satisfied that the message sued upon was kept by the defendant's agent for several hours, and that he made no effort to promptly deliver the same, such facts may be considered by the jury on the question of

reckless disregard of the rights of the plaintiff by the defendant." This being a mere inadvertence immediately corrected by the Court, the exception requires no further notice.

The 4th, 6th and 7th exceptions involve the same legal question, which will be made clear by reading the 7th, which is as follows: "Because his Honor erred in modifying defendant's first request to charge, which was as follows:

" 'I charge you that, after hearing all the facts, as men of common sense, with knowledge and experience in ordinary human sensibilities, you shall determine whether any mental anguish or suffering would result under all the circumstances to a person of ordinary reason, strength and firmness, and not what might occur to an individual of peculiar temperament or fanciful imagination.'

"His Honor, in lieu of the said request, charged the following:

" 'I charge you, after hearing all the facts, as men of common sense, with knowledge and experience in ordinary human sensibilities, you should determine whether any mental anguish did result to plaintiff from the negligence of the defendant.'

"The error complained of being that in modifying said request his Honor took from the jury their right to determine: (a) Whether or not under such conditions a person of ordinary reason, strength and firmness would have suffered any mental anguish whatever; (b) whether or not the plaintiff was a person of ordinary reason, strength and firmness, or (c) an individual of peculiar temperament or fanciful imagination."

The plaintiff in suits for mental anguish may testify to the fact that he suffered, after the circumstances from which the suffering might arise have been brought out, but he can not testify as to his peculiar apprehensions, fears and conclusions, because these might be due to individual temperament. In such cases it is generally proper to instruct the

jury that to warrant a verdict for damages they must find not only that the plaintiff suffered mental anguish from defendant's breach of duty as a proximate cause, but that such breach of duty in their judgment would have brought suffering to a reasonable human being in the situation of plaintiff. *Willis* v. *Tel. Co.,* 69 S. C., 531. While the request was in accord with this view of the law, under the facts of this case the modification complained of was not error. There was no evidence here of any conclusions or inferences or apprehensions which might have been peculiar to the plaintiff, and on account of which the jury might have awarded damages. The plaintiff stood before the Court as an ordinary human being who wished to attend the funeral of her sister and who had testified she had suffered in mind; as surely every normal person would, because she had been deprived of the privilege by the negligence of the defendant. There could not be the least doubt of the mental anguish or of its nature, if the plaintiff's testimony as to her desire to attend the funeral was true, and there was therefore no question before the jury as to individual temperament or peculiar apprehension. Hence, the omission to charge on this subject was not reversible error.

It has not been suggested, and the Court is unable to perceive, how a conversation over the telephone between the witness Freeman and some one in the office of the telegraph company could have any possible bearing on the issues before the Court, and even if the testimony as to that conversation was irrelevant and hearsay, it was certainly harmless.

The 8th exception will have to be sustained. The Circuit Judge refused the following request: "If the jury believed that the plaintiff, Mrs. Roberts, had no intention of attending the funeral of her sister, had she been informed in time to have so done, then there can be no injury, and their verdict should be for the defendant." As we have seen, it would have been impossible for the plain-

tiff to reach her sister before her death, even if the telegram had 'been promptly delivered. Hence, the only mental anguish for which the defendant could possibly be responsible, was that which grew out of the plaintiff being deprived of the privilege of attending the funeral, and if she had no intention of exercising that privilege, there could be no damage. *Hughes* v. *Tel. Co.*, 72 S. C., 516.

The judgment of this Court is, that the judgment of the Circuit Court be reversed and a new trial ordered.