## KEY v. WESTERN UNION TEL. CO.

1. TELEGRAPH COMPANIES—DAMAGES.—The allegations in the complaint in this case permit evidence of physical suffering from walking eight miles, but such exposure and hardship not being in the contemplation of the contracting parties and not to be anticipated by the defendant when transmitting the message, this element of damages should not have been submitted to the jury.

2. IBID.—PUNITIVE DAMAGES should not be awarded for failure to promptly deliver a message received out of office hours in a small town, where the agent was both railroad and telegraph agent, and could not at time of receipt of message go himself to deliver it, or send one of his help, because of his railroad duties; where addressee was unknown to agent, but after some delay was located by telephone at a mill, and message was sent to assistant superintendent over the telephone, who promised to deliver at once, but did not.

Before HYDRICK, J., York, December Term, 1905. Reversed.

Action by J. R. Key against Western Union Tel. Co. From judgment for plaintiff, defendant appeals.

*Messrs. Geo. H. Fearons, Evans & Finley* and *J. H. Marion,* for appellant. *Mr. Marion* cites: *Defendant had no notice of consequences of physical suffering:* 75 S. C., 208; 70 S. C., 418; 72 S. C., 293, 116; 74 S. C., 496. *Allegations do not include such suffering:* 40 S. C., 528; 31 S. C., 52; 70 S. C., 418; 3 Strob., 375; 31 S. C., 52; 40 S. C., 528; 71 S. C., 86, 212; 72 S. C., 294; 65 S. C., 93, 430; 72 S. C., 526; 75 S. C., 208, 188. *Defendants' alleged negligence not the proximate cause of plaintiff's physical suffering:* 69 S C., 539; 75 S. C., 208; 74 S. C., 497; 75 S. C., 54, 187; *DuBose* v. *Tel. Co. Punitive damages should not be allowed here:* 69 S. C., 550; 70 S. C., 83; 72 S. C., 261; 73 S. C., 520; 75 S. C., 182, 211.

*Messrs. Wilson & Wilson,* contra. *No argument furnished Reporter.*

March 14, 1907. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This action was brought by the plaintiff to recover damages for alleged wilful, wanton, and gross negligence of the defendant for delay in delivery of the following telegram received at its office in the town of Kershaw, S. C., on the 20th of April, 1904, directed to J. R. Key, Fort Mill, S. C.: "Come at once, your wife is very low." The message was filed at 8.32 A. M., and transmitted to Fort Mill in eight minutes thereafter. The Fort Mill office was a joint telegraph and railway office, the telegraph agent being also agent for the railroad and express companies. Except from 8.30 A. M., to 9.10 A. M., and during such other hours as local freight trains were at the station, when it was necessary for the agent to perform his railway and express duties, the telegraph office was open from 8 o'clock A. M., until 8 P. M. The business of the office was small, the receipts being ten to fifteen dollars a month, and there was no evidence that the hours during

which the office was open for business were not reasonable. The agent at Fort Mill had never heard of Key, the addressee of the message; but immediately upon receipt of the telegram, although during an hour when the telegraph office was not open for business, he made an unsuccessful effort to locate him. Afterwards, between nine and ten o'clock A. M., he ascertained the plaintiff was an operative of the Millfort Mill, and at once telephoned the message to McGregor, the assistant superintendent of the mill, who said he knew Key and could deliver the message to him. If McGregor had promptly communicated the message to the plaintiff, this would have been the quickest method of delivery. The plaintiff upon the receipt of the message from McGregor, which was between twelve and one o'clock, went immediately to his boarding house, changed his clothing, and without making inquiry at the office at Fort Mill, without attempting to hire conveyance, although he had the money and could have made the journey in about the same time over the public highway, and without ascertaining whether any trains could be had at Rock Hill, walked and trotted eight miles along the railroad track in the hope of catching a belated freight train to Kershaw. Upon arrival at Rock Hill, plaintiff found the freight train had passed and that the next train for Kershaw left at 6.30 the next morning; hence he had to spend the night. He testified to the mental anguish caused by the delay in reaching his sick wife; and that, as a result of the walk, he suffered great bodily discomfort, was made tired and stiff, and could hardly sleep that night or walk the next morning. He reached Kershaw about ten o'clock on Thursday and drove seven miles to his father-in-law's house where he found his wife still conscious and rational. She died about six o'clock the following Sunday. Plaintiff attended the funeral, and stayed with his wife's people for one week after the burial. He testifies the discomfort caused by walking from Fort Mill to Rock Hill was a large part of the suffering for which he was suing.

A judgment for five hundred dollars was recovered. The defendant appealed.

The defendant's first position is, that the physical pain and discomfort suffered by the plaintiff, in consequence of the hurried walk of eight miles, was not alleged in the complaint as an element of damage, and therefore, the Circuit Judge erred when he instructed the jury to the contrary. On this point the allegation of the complaint is: "That by reason of defendant's wilful, wanton, and gross negligence in failing to promptly transmit and deliver said message, as aforesaid, plaintiff was unable to leave Fort Mill to go to his wife by railroad, on that day, which he could have done if said message had been delivered to him with due diligence, so that the plaintiff, in his earnest desire to go to his wife as quickly as possible, hurried through the country, on foot, to Rock Hill, a distance of some eight miles, but arrived there too late to catch the train going to Kershaw that day, and so had to remain there, at considerable expense and in great anguish of mind, until 6.30 A. M., of said date. He then had to go seven miles in the country to where his wife was residing with her father, and where he found her in a dying condition, she dying on the following Sunday. By all of which the plaintiff was subjected to great mental anguish and suffering, to his damage in the sum of one thousand dollars." When the plaintiff says in the concluding sentence, "by all of which plaintiff was subjected to great mental anguish and suffering to his damage, etc.," he manifestly means all the matters he had just alleged, namely, defendant's wrongful delay in delivering the message, his own inability to leave Fort Mill by train, *his hurried walk,* his expense, delay in reaching his wife, his anguish of mind, and the subsequent journey of seven miles through the country. If the defendant wished a specific statement of the suffering which resulted from the walk, a motion should have been made to make the complaint more definite and certain.

We think, however, the walk of eight miles was not a result, such as was in the contemplation of the parties or could have been reasonably anticipated by the defendant from a failure to deliver the telegram; and for this reason, the pain and discomfort consequent upon it should not have been submitted to the jury as factors which they might consider in estimating actual or compensatory damages. *Arial* v. *Telegraph Co.,* 70 S. C., 418, 50 S. E., 6; *Rogers* v. *Telegraph Co.,* 72 S. C., 293, 51 S. E., 773; *Carter* v. *Railway Co.,* 75 S. C., 355. In the very similar case of *Jones* v. *Telegraph Co.,* 75 S. C., 208, the Court says: "The plaintiff remaining in a disagreeable livery stable for four hours on a cold day was not such a result as could have been within the contemplation of the parties, or such as should have been reasonably anticipated by the defendant from a failure to deliver the telegram, and was the result of plaintiff's choice to remain there instead of seeking a more comfortable place or pursuing his journey in a hired conveyance. Likewise his exposure to the cold and his suffering therefrom, beyond what he would have endured in any event even had his father met him as expected, was the result of his failure to hire the conveyance, ready at hand at any moment, and setting out on his journey with reasonable promptness, after knowledge that his father's conveyance had not arrived. The plaintiff had the means to procure another conveyance, etc." True, it was natural for the plaintiff, on the receipt of the telegram announcing the serious illness of his wife, to make an effort to reach her as quickly as he could. He cannot, however, be allowed to place at defendant's door uncalled-for hardship or suffering. It was his duty to minimize the damage by ordinary care in the use of the means at hand. *Willis* v. *Telegraph Co.,* 69 S. C., 539, 48 S. E., 538; *Jones* v. *Telegraph Co., supra;* *Carter* v. *Railway, supra.* The plaintiff admitted in his testimony he could have hired a conveyance and avoided the obvious and extraordinary strain of a very rapid walk of eight miles, much of which was a trot. For such physical

20—76

exertion and hardship, not within the contemplation of the parties and not to be anticipated by the defendant, the plaintiff cannot recover.

The refusal of the Circuit Judge to instruct the jury, that there was no evidence to support a verdict for punitive damages, was error. The only fact, upon which even a charge of negligence could rest, was the action of the defendant's agent at Fort Mill, in telephoning the message to the assistant superintendent of the mill where plaintiff was employed, to be communicated to him instead of sending it to him by a messenger. The defendant's duty was to use all reasonable diligence to deliver the message to the plaintiff himself, unless he had authority from him, either express or implied, to deliver it to another. It has been held the delivery of a telegram to the clerk of a hotel, where the addressee is stopping, is a good delivery; *Trissal* v. *Telegraph Co.,* 98 Ind., 566; but we are not prepared to carry the analogy to the point of holding the assistant superintendent of the mill where plaintiff was employed had implied authority to receive for him telegrams over the telephone. In using that method of delivery, the defendant must be held to the consequences of the negligence of the person to whom it had entrusted the delivery, notwithstanding the course taken might have been adopted as likely to secure the earliest possible delivery. The small business done at the Fort Mill office cannot excuse negligence in delivery. *Henderson* v. *Telegraph Co.,* 89 Ala., 510; but on the question of wanton or wilful disregard of duty, the difficulties are to be taken into account. The income of the office was only ten or fifteen dollars a month and the operator was also railroad and express agent. It is undisputed that when this telegram was received, he made immediate efforts to locate the plaintiff who was unknown to him. An answer from each mill in the place to telephone inquiry was received to the effect that nothing was known of the plaintiff. The agent, however, persisted in his efforts, and upon receiving information from McGregor, the assistant superintendent

of the Millfort Mill, that the plaintiff was in the mill, telephoned the message to him for delivery to the plaintiff. The agent thus explains why he telephoned instead of sending the message: "I could not go myself, nor could I spare any of my force, and I gave him the message on the 'phone before I could have gone down there or sent any of my force. It was quicker to deliver it by 'phone." So far from the defendant's agent adverting to his duty and refusing to do it, the evidence shows that he was specially diligent in his effort to find the plaintiff, and considered that the mode of 'phoning him the message was the most expeditious he could adopt. No reason has been suggested, and we see none, for doubting that the agent's purpose and effort was to get the message to the plaintiff with the utmost dispatch, and that he considered delivery to McGregor by telephone the quickest delivery he could make. In this he was mistaken as to his duty and as to the plaintiff's right, but his conduct negatives the imputation of wilful, wanton, or reckless disregard of his duty to deliver the telegram. *Roberts* v. *Tel. Co.,* 73 S. C., 520, 53 S. E., 985; *Jones* v. *Tel. Co.,* 75 S. C., 208.

The plaintiff did not testify to any relations or feelings concerning his wife differing from those of other normal persons in like relation, and there is no foundation for the objection to his evidence on this point.

The judgment of this Court is that the judgment of the Circuit Court be reversed and the cause remanded for a new trial on the cause of action alleging negligence.