6760

## BALDERSTON v. WESTERN UNION TEL. CO.

1. TELEGRAPH COMPANIES—MENTAL ANGUISH—CONFLICT OF LAWS —An action for failure to deliver a message is *ex delicto.* The delict occurs where the message should have been delivered. The addressee of a telegram may sue and recover in this State damages for mental anguish for failure to deliver a message here, although the message was lost in a foreign State.

2. IBID.—PUNITIVE DAMAGES.—Failure to deliver a message at all, with no satisfactory explanation, will support a verdict for punitive damages.

Before HYDRICK, J., Aiken, winter term, 1907.   Affirmed.

Action by Laura Balderston against Western Union Telegraph Company.   From judgment for plaintiff, defendant appeals.

*Messrs. Nelson & Nelson* and *Croft & Salley,* for appellant, cite: *The cause of action having arisen in another State no recovery can be had for mental anguish:* 75 S. C., 512; 70 S. C., 83; 71 S. C., 386; 72 S. C., 516; 57 S. C., 330; 66 S. C., 8; 70 S. C., 254; 134 U. S., 190; 146 U. S., 657; 194 U. S., 119; 73 S. C., 140; 5 L. R. A., 751; 56 L. R. A., 301; 92 S. W., 528; 96 S. W. 528; 139 N. C., 369. *Negligence, mistake or gross negligence will not justify a verdict for punitive damages:* 72 S. C., 350; 65 S. C., 93; 72 S. C., 256; 73 S. C., 379, 520; 27 Ency., 1080; 13 N. Y. App. Div., 253; 4 Ohio Sec., 244.

*Messrs. Hendersons,* contra, cite: *Plaintiff may recover for mental anguish, no matter where negligence occurred:* 70 S. C., 87; 75 S. C., 526; 71 S. C., 386; 72 S. C., 516; 73 S. C., 140; 27 Ency., 1079; 5 L. R. A., 751; 22 Ency., 1378. *Nonsuit of cause of action for negligence should not be granted when there has been an invasion of plaintiff's rights:* 70 S. C., 418; 52 S. C., 323. *Total failure to deliver supports willfulness:* 73 S. C., 385; 65 S. C., 93.

February 24, 1908. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. This action seeks to hold the defendant telegraph company liable for alleged willful and wanton failure to deliver a telegram.

Laura Balderston of Newtown, Pa., the plaintiff, was, during the month of November, 1905, engaged as a teacher in Aiken, S. C. On the 21st of that month, I. W. Merrick, a friend of the plaintiff and her family, filed with the defendant at Newtown, at the same time guaranteeing all expenses, the following message:

"11-21, 1905.

"To Laura Balderston, care of Schofield School, Aiken, S. C. Thy father passed away this morning. Come.

"I. W. Merrick."

The message was never delivered although it bore the following indorsement: "Paid Rush dely chgs gntd," meaning "Paid. Rush, delivery charges guaranteed." As a consequence of the failure to deliver, plaintiff alleges that she was unable to attend the funeral, to see her father's face for the last time or to be with her family in this time of sorrow and suffering, and that great humiliation, distress and mental anguish, as well as bodily sickness and suffering, resulted therefrom. At the hearing during the winter term, 1907, of the Court of Common Pleas for Aiken County, the defendant moved for a nonsuit as to punitive damages on the ground that there was no evidence of willful or reckless con-

11—79

duct. Assuming that they had conclusively shown that the alleged negligence occurred at Augusta, Ga., a relay station through which the message had to pass, defendant's counsel moved for a nonsuit also as to mental anguish "because the cause of action did not arise in this State, and in the absence of proof if will be presumed that the common law prevails, which does not permit a recovery for mental anguish disconnected with or in the absence of any bodily injury, in a foreign State where the cause of action arises." Both motions were overruled by the Circuit Court, and the jury returned a verdict of five hundred dollars for the plaintiff. The defendant appealed.

The first ground of appeal questions the correctness of the ruling of the Circuit Judge on the motion for a nonsuit as to mental anguish. This action is *ex delicto* and not *ex contractu.* *Hellams* v. *Tel. Co.,* 70 S. C., 87, 49 S. E., 12; *Harrison* v. *Tel. Co.,* 71 S. C., 386, 51 S. E., 119; *Gray* v. *Tel. Co.* (Tenn.), 91 Am. St., 706; *Lacer* v. *Tel. Co.* (Ky.), 5 L. R. A., N. S., 751; *Tel. Co.* v. *James,* 162 U. S., 650. Therefore, decisions based on contracts between persons and telegraph companies can not be relied on as authority This being a tort, the cause must be determined by the law of the jurisdiction within which the alleged breach of duty occurred. But what constitutes the breach of duty? Appellant takes the position that the breach occurs at the point where the failure or delay of transmission or delivery takes place and any recovery must be in accordance with the remedies of that jurisdiction. This view misconceives the nature of the usual contract between persons and telegraph companies, the object of which is to secure the delivery of the message to the addressee. The mode of delivery or any mistake or transformation in the message, provided it is afterward made to conform to the original draft and does not cause unreasonable delay, is immaterial. No act of negligence or of willfulness can be said to occur until there is a failure to put the message into the hands of the person to whom it is

addressed. As was said in the case of *Lacer* v. *Tel Co.*, *supra*, a message is a thing "which could not be hurt, much less destroyed in its transmission. Nothing but the failure to deliver it in due time could affect its value to the sendee. There can not be a segregation of liability on the undertaking. It is whole, single, and susceptible of becoming fixed only in the final act contemplated." Such is the inference of our own cases of *Hellams* v. *Tel. Co.* and *Harrison* v. *Tel. Co.*, *supra*. It can not be denied that such a doctrine is a just and reasonable one. The plaintiff can not be expected to determine the point on defendant's line where the failure of duty occurred, nor do we think it consonant with public policy to permit the defendant to show that the message was delayed or failed at some specific point on its line and thus make plaintiff's right to recovery to depend upon the laws of that place. Such a holding would, in nearly every case, lead to much uncertainty, to say nothing of the broad field that would thus be opened to fraud. What the company contracts to do is to convey the information from the sender to the addressee, and the failure to do this constitutes the breach of duty for which it is held responsible. Therefore, in the case here under consideration, the delict occurred when the message was not, in a reasonable time, put in possession of Miss Balderston. The failure of duty took place in South Carolina and, in accordance with our law, the plaintiff has a right to recover for mental anguish.

This conclusion makes the consideration of only one other question in the case material, namely, did the Circuit Judge err in refusing to grant the motion for a nonsuit as to punitive damages? It has been repeatedly held by this Court that long unexplained delay in the delivery of a telegram is ground for the recovery of punitive damages. *Willis* v. *Tel. Co.*, 73 S. C., 379, 53 S. E., 639; *Young* v. *Tel. Co.*, 65 S. C., 93, 43 S. E., 448. How much more then is there ground for the recovery of such damages where the message was never delivered and no satisfactory explanation is given for such failure. True, the defendant

seeks to relieve itself from liability by suggestions as to the probable manner in which the loss of the message occurred, but to our minds it falls far short of satisfactory explanation. The records of the telegraph offices show that the message reached Augusta, Ga., but at that point all trace of it was lost. The uncontradicted evidence is that it never reached Aiken, its final destination. All of the attempted explanations on the part of the defendant are based on mere suppositions, suppositions which even the defendant admits involve a high degree of negligence. The line of demarcation between gross negligence and willfulness or recklessness is practically always difficult of recognition.

This case is not an exception to the general rule. The words of the message could not have failed to impress upon the company its gravity and the importance of it to the plaintiff. Therefore, the defendant should have exercised a corresponding amount of care. Even if we adopt the suggestion that the relay message was placed in a basket from which it was blown by the wind, this in itself, we think, was at least a scintilla of evidence exhibiting that reckless disregard of the rights of the plaintiff and of others dealing with the company which justifies punitive damages. Therefore, it was not error on the part of the Circuit Judge to submit this issue to the jury.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.