HON. YOUNG J. POPE, CHIEF JUSTICE.
HON. EUGENE B. GARY, ASSOCIATE JUSTICE.
HON. IRA B. JONES, ASSOCIATE JUSTICE.
HON. C. A. WOODS, ASSOCIATE JUSTICE.

### 6963

ANDERSON v. SOUTH CAROLINA AND GEORGIA R. R. CO.

1. CHARGE—ATTORNEYS.—Failure to instruct jury that negligence to be actionable must be the proximate cause of the injury complained of is such a plain inadvertence on the part of the trial Judge as to require counsel to call the Court's attention to it at the conclusion of the charge. Here the omission was not prejudicial, as the point was fully covered in charging requests.

2. IBID.—CARRIER—PASSENGER.—Portion of the charge here complained of held not to be a charge on the facts, but the statement of the legal propositions as to the duty of a carrier to its passenger to provide accommodations sufficient for his safe transportation, to take extra precautions when the carrier has reasonable ground to anticipate unusual hazard to him and to provide a sufficient number of employees to protect an innocent passenger from the assaults of other passengers when it has reasonable grounds to apprehend such assaults.

3. IBID.—Statement in instruction of an undisputed fact is not a charge on the facts.

1—81

4. CARRIER—PASSENGER.—The provision of section 2157, of Code of 1902, providing that carrier shall furnish "reasonable accommodations" for passengers, held to have been properly defined by "sufficient accommodations," which, with its context, means sufficing for all reasonable purposes.

Before MEMMINGER, J., Aiken, Fall term, 1904. Affirmed.

Action by B. J. Anderson against South Carolina and Georgia Railroad Company. From judgment for plaintiff, defendant appeals.

*Messrs. Hendersons,* for appellant, cite: *Omission of element of proximate cause error:* 78 S. C., 259; 77 S. C., 550. *Instruction that certain facts constitute negligence is error:* 54 S. C., 509.

*Messrs. Croft & Croft* and *Sawyer & Owens,* contra, cite: *Charge complained of did not violate the constitutional provision:* 57 S. C., 369. *Carrier must protect passenger against other boisterous passengers:* 135 Mass., 37; 8 Am. & Eng. R. R. Cas., 94; 53 S. C., 124; 47 S. C., 375. *The word "sufficient" does not place on carrier a more onerous duty than the word "reasonable" used in the statute:* 24 Ency., 490. *When line between inadvertence and wilfulness is close question is for jury:* 64 S. C., 440.

July 22, 1908. The opinion of the Court was delivered by

MR. JUSTICE WOODS. On June 28, 1902, a riot occurred on defendant's passenger train, running from Augusta, Ga., to Aiken, S. C. The plaintiff, an innocent passenger, having been shot in the leg by another passenger engaged in the riot, brought this action to recover damages, alleging the injury to have been due to the defendant railroad com-

pany's negligent and wanton breach of its duty to provide for the safety of its passengers.

A former judgment in favor of the plaintiff was set aside, and a new trial ordered for error in instructions to the jury; 77 S. C., 434, 58 S. E., 149.   The plaintiff recovered judgment on the second trial and the defendant again appeals, alleging error in the instructions to the jury.

The charges against the railroad company of negligent and wanton misconduct, constituting proximate causes of the injury, may be thus shortly stated: (1) Allowing a crowd of boisterous, quarrelsome and disorderly persons to become passengers on the train in Augusta and to remain thereon; (2) failure by defendant to furnish proper and sufficient cars and accommodations for the safe transportation of the large number of passengers, whose presence on the train it had reason to anticipate, so that its cars were over-crowded to the extent that the defendant could get no seat, and was forced to stand in the aisle of the car; (3) failure to make the provision required by the statute law of the State for the separate accommodation of the white and colored passengers, so that white and colored passengers were allowed to occupy together the coach in which the riot occurred between them; (4) failure to quell the riot or to provide a sufficient force for that purpose, when the company had reason to expect a boisterous and disorderly crowd on its train.

In certain portions of the charge quoted in the exceptions the Circuit Judge instructed the jury the defendant would be liable if negligent in the particulars charged in the complaint, without specifically stating in the same connection that negligence of the defendant would not be actionable unless it was the proximate cause of the injury.   The exceptions as to this omission must fail for two reasons.   In giving the requests submitted to him, the Circuit Judge charged the jury clearly and fully on the subject of proximate cause, and his failure in his general

charge to recur to the subject again was, at most, a mere inadvertence.

But aside from that, the point is not available to the defendant for another reason.  The doctrine is elementary that negligence to be actionable must be the proximate cause of the injury alleged.  Therefore, when the Circuit Judge fails so to instruct the jury in an action of tort, involving the charge of negligence, the counsel must know the omission to be due to inadvertence, and not to any difference of opinion on the subject, or to an intention to deny such a familiar rule.  It may not be safe to lay down a hard and fast rule that counsel must in all cases call the attention of the presiding Judge to an omission or a statement which every lawyer would immediately recognize as an inadvertence.  But it ought to be a strong case, which would induce this Court to reverse a judgment on the ground that such an omission was prejudicial error, probably affecting the mind of the jury, when it had not been important enough to attract the attention of capable counsel, watchful to discover mistakes.  The duty is always owing to the Court from attorneys in the cause to call attention to such inadvertences when they are regarded of consequence.  In this case, if counsel for defendant wished a correction of the inadvertence and a restatement of the subject of proximate cause, they should have mentioned the matter to the Circuit Judge at the conclusion of his charge.

The following instruction is alleged to be a charge on the facts, and, therefore, in violation of the Constitution: "That when a common carrier, its agents and servants have knowledge of, or from circumstances ought to know that on certain days of the week large crowds of passengers board its train of cars at certain regular stations in a populous vicinity along its line of railroad, it is the carrier's duty under such circumstances to provide sufficient accommodations as required by law, so as to safely transport its passengers without subjecting them to unnecessary risk and danger from lack of accommodations to handle such

large crowds of passengers, and if the carrier knew, or had reasonable grounds under the circumstances to anticipate danger from the handling of such large crowds, it is also held to the highest degree of care on such occasions to provide sufficient force of employees and servants to control the large crowds of passengers, though this may require the employment of an extra force of help, so as to protect innocent passengers from assaults or other injuries at the hands of fellow-passengers, and should the carrier fail to perform either of these duties, in consequence of which a passenger sustains an injury from another passenger, without fault on his part, it is liable in damages."

The rule is well established that it is error for the Circuit Judge to charge that certain facts constitute negligence. *Pickens* v. *R. R. Co.,* 54 S. C., 509, 32 S. E., 567. The instruction here complained of was not a violation of the rule. When analyzed it is evidently nothing more than a statement of a proposition of law that it is in general the duty of a carrier of passengers to provide accommodations sufficient for their safe transportation; and the less broad, but not less general, proposition of law that the duty extends to taking extra precautions when the carrier has reasonable grounds to anticipate unusual hazard to its passengers; and the more specific proposition of law that the duty extends to the employment of a sufficient force of employees to protect innocent passengers from the assaults of other passengers when it has reasonable grounds to apprehend such assaults from passengers, in such numbers or force as to be beyond the control of the ordinary train crew. These obligations are imposed by law, and the statement of them was a statement of legal propositions and not a charge on the facts. The Circuit Judge did not intimate that the defendant had failed to. take adequate precautions, nor that the circumstances required the defendant to provide an extra force or to take any other unusual precautions.

The point made in the fourth exception, that it was error for the Circuit Judge by his charge to imply the presence

on the train of boisterous and drinking passengers, cannot be sustained, because there was no dispute about that fact. The real controversy was whether the defendant was responsible for an injury inflicted by one of such passengers on another passenger.

Counsel for defendant strongly urged that the Circuit Judge in his charge erroneously imposed on the carrier the duty of providing *sufficient* accommodations, when the statute only requires "every railroad shall furnish reasonable accommodations for the convenience and safety of passengers." The word "reasonable" used in the statute was manifestly intended to have a broad meaning and application. It signifies that the accommodations shall be reasonable as distinguished from extreme luxury or scantiness; that is, not excessive nor meager, but sufficient or sufficing for all reasonable purposes. The further meaning is conveyed that efforts reasonable, considering all the circumstances, must be made to provide such sufficient accommodations. That the Circuit Judge could not have conveyed to the jury by the use of the word sufficient any meaning beyond this is manifest from this instruction: "That if a common carrier did not know, or had no reasonable grounds to anticipate, that large crowds of passengers boarded its cars on certain days, then it is not called upon in law to furnish extra accommodations for something it had no reason to expect, and may under such circumstances use such accommodations as they have generally found sufficient for passenger traffic. However, should a large crowd of passengers unexpectedly board the train, it is the duty of the carrier before it permits the white and colored passengers to ride in the same coach to procure another coach at the time, if it can be procured; it being for the jury to say whether another coach should have and could have reasonably been provided, and if the carrier under the aforesaid circumstances without making an attempt to procure another coach at the time—provided the jury finds it should have attempted to procure another

coach—permits the white and colored passengers to ride in the same coach; then if this be the proximate and main cause of bringing about a riot which results in injury to a passenger without fault on his part, then the carrier is liable in damages."

In connection with this, the Circuit Judge read to the jury section 2157, requiring railroad companies to furnish reasonable accommodations.

The other exceptions were abandoned at the hearing.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.  .