### 7342

### BOLTON v. WESTERN UNION TEL. CO.

1. TELEGRAPH COMPANIES—ISSUES.—Whether the negligent delay in delivering a message or the absence of addressee from home was the proximate cause of addressee's injury is for the jury.
2. IBID.—PUNITIVE DAMAGES.—Unexplained delay in transmitting a message through a relay office, long delay in sending service message, and character of that message support punitive damages.
3. IBID.—Degree of care required of a carrier depends on importance of matter in hand.
4. CHARGE.—In defining punitive damages, an instruction that if carrier was guilty of reckless conduct the plaintiff is entitled to punitive damages, that is damages to punish the defendant for its failure to deliver the telegram in time for him to perform the pious duty to his child, which doubtless he would have been glad to do, is not on the facts.
5. IBID.—Omission to instruct that wilful conduct of carrier must be proximate cause of plaintiff's injury to entitle him to recover is cured by construing charge as a whole.

Before ALDRICH, J., Aiken, December, 1908. Affirmed.

·Action by Rock R. Bolton against Western Union Telegraph Company. From judgment for plaintiff, defendant appeals.

Messrs. Geo. H. Fearons and Nelson & Nelson, for appellant, cite: *Error in address raises no presumption of wilfulness:* 82 S. C., 87. *Error to send issue of wilful tort to jury:* 72 S. C., 116, 256; 73 S. C., 522; 74 S. C., 68; 75 S. C., 211, 186; 77 S. C.. 122, 152, 526; 78 S. C., 114; 82 S. C., 87. *Proximate cause is for Court, where the evidence admits of only one inference:* 2 Bay, 126, 441; 16 S. C., 448; 21 S. C., 549; 57 S. C., 243.

Mr. John T. Williams and Hendersons, contra, cite: *Proximate cause is for jury:* 54 S. C., 498; 76 S. C., 257; 72 S. C., 256. *Where effort to deliver is disputed, the issue goes to the jury:* 77 S. C., 527; 76 S. C., 246. *Wording of message is notice of its importance:* 79 S. C., 164.

October 26, 1909. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. This was an action for damages for the negligent, wilful and wanton failure of defendant to deliver the following telegram:

"Springfield, S. C., April 17th, 1907. Rock R. Bolton, care Geo. Caves, Olar, S. C. Janie at point of death; come. (Signed) I. H. Dyches."

Janie was plaintiff's daughter, who was visiting her sister, the wife of Dyches. Plaintiff lived a mile and a half from Olar. Dyches said he filed the message at eighteen minutes to four o'clock p. m. and that the agent said he sent it at once. The time of filing, noted on the message delivered to George Caves, was four o'clock p. m. The agent at the relay office in Savannah said he received it at twenty-five minutes past five o'clock and forwarded it at twenty-nine minutes after six o'clock, at which time it was received at

Olar.   Between Savannah and Olar the word Geo was changed to Joe.   The agent at Olar said he knew everybody there, and knew there was no such person as Joe Caves. He knew plaintiff, and knew where he lived, and went to the stores to see if he could find him; that he would have sent the message to plaintiff that evening, if it had stated that delivery charges were guaranteed, but was under no duty to do so, unless the message so stated.   At fifteen minutes past eight o'clock p. m. he sent the following service message: "Yours date received to Rock R. Bolton from I. H. Dyches.   Unable to deliver.   Party lives two miles in country."   This was received at Springfield at eighteen minutes past nine o'clock the next morning.   At twenty minutes past nine the following reply was sent: "Mine 17th, Rock R. Bolton, signed Dyches, was in care of Geo. Caves, who lives in town."   This was received at Olar at twenty-two minutes past nine, and was delivered to George Caves, who sent it promptly to plaintiff's residence.   Plaintiff was at home on the evening of the 17th, and until eight o'clock a. m. on the 18th, when he left home and did not return until late in the afternoon, when the message was delivered to him.   He immediately drove through, twenty-six miles, to Springfield, but found that his daughter had died at five o'clock p. m. the day before.   If the message had been delivered at any time before he left home, on the morning of the 18th, he could have reached Springfield before she died.   It will be noticed that the service message from Olar to Springfield failed to state there was no such person there as Joe Caves, or that the message would be delivered to plaintiff, if delivery charges were guaranteed.   The agent at the relay office in Savannah said that death messages had preference over all others, and that he realized the importance of this message. but could not explain why it was delayed so long in that office; that such delay was unusual, except where they could not get up the railroad offices.   George Caves said that when the agent at Olar delivered the message to him he said he

received it the day before, but it was for Joe Caves and he did not bother to deliver it.

The jury found for the plaintiff six hundred and twenty dollars.

Judgment therefor having been entered, defendant appeals.

The points raised will be considered without setting out the exceptions.

The defendant contends that if the plaintiff had been at home on the morning of the 18th, when the message was received at his residence, he could have reached his daughter before she died, and, therefore, the negligent delay was not the proximate cause of his mental anguish, and nonsuit should have been granted.

When the testimony is susceptible of more than one inference, the question of proximate cause is for the jury. Whether the negligent delay or the absence of plaintiff from home was the proximate cause of plaintiff's suffering was for the jury. *Pickens* v. *Railroad Company*, 54 S. C., 504, 32 S. E., 567.; *Machen* v. *Telegraph Company*, 72 S. C., 256, 51 S. E., 697; *Toale* v. *Telegraph Company*, 76 S. C., 248, 57 S. E., 117.

In view of the testimony of the agent at Savannah, that death messages had preference over others; that he received this message and realized the importance of it, and was unable to explain the long delay in that office, from twenty-five minutes past five till twenty-nine minutes past six, coupled with the fact that a service message went from Springfield to Olar in two minutes the next morning, there was no error in submitting the question of punitive damages to the jury. Besides, the delay of the agent at Olar in sending the service message, from twenty-nine minutes past six to a quarter past eight, though he knew there was no such person as Joe Caves, and his failure to mention that fact in the service message, or the fact that the message would be delivered to plaintiff, if delivery charges were guaranteed, coupled with his statement to

George Caves, that he received the message the day before, but that it was for Joe Caves and he didn't bother to deliver it, afford a reasonable inference of indifference on his part to the rights of the plaintiff, based upon what his testimony shows that he supposed, though erroneously, to be the law and his duty, under the circumstances.

In view of the agent's statement that he "did not bother to deliver it," and his long delay in sending the service message, and the character of that message, it cannot be said that there was undisputed evidence of a real effort to deliver. Therefore, the facts of this case do not bring it within the principles announced in *Roberts* v. *Telegraph Company*, 73 S. C., 520, 53 S. E., 985; *Key* v. *Telegraph Company*, 76 S. C., 301, 56 S. E., 962; and *Todd* v. *Telegraph Company*, 77 S. C., 522, 58 S. E., 433.

Negligence is a relative term. What would be negligence under one set of circumstances might be due care under another. The degree of care varies with the circumstances. The greater the danger, or the greater the importance of the matter in hand, the greater the degree of care required to constitute due care—that is, such as a person of ordinary care and prudence would exercise. The defendant recognizes this principle by its rule giving death messages the preference over ordinary business and social messages. In *Balderston* v. *Telegraph Company*, 78 S. C., at page 164, 60 S. E., 435, the Court said: "The words of the message could not have failed to impress upon the company its gravity and the importance of it to the plaintiff. Therefore, the defendant should have exercised a corresponding amount of care." Hence, there was no error in his Honor charging: "Now, circumstances alter cases. If a telegraph company receives a message on a mere matter of business, why, they will take into consideration the circumstances—this message may go tomorrow as well as today and nobody suffer any hurt by it, or several hours hence will make no material difference; but if they receive

a life and death message, that is a very different thing. They must then be more circumspect and more careful than they would in the other case."

In charging on the law of punitive damages his Honor said, in substance, that if the defendant was guilty of reckless conduct the plaintiff was entitled to punitive damages—that is, damages to punish the defendant for its failure to deliver the telegram "in time for him to perform the pious duty to his child, which doubtless he would have been glad to do." The defendant complains that this was a charge on the facts, in that his Honor thereby told the jury what the plaintiff's duty to his child was, and that he would doubtless have been glad to perform it, if he had had the opportunity. We cannot accept this view. There can be no doubt of the duty of a parent under such circumstances. It is one that is universally recognized from the promptings of parental love, which invariably guides to the course suggested, and is followed, where circumstances permit, unless abnormal relations exist between parent and child. We are satisfied the defendant suffered no prejudice from the remark complained of.

The fourth exception complains that his Honor erred in charging that if the defendant was guilty of negligent or wilful conduct, and the plaintiff suffered mental anguish, the plaintiff was entitled to recover; the error being that he should have told them that such conduct must be shown to have been the proximate cause of his suffering. When this part of the charge is considered in connection with the whole charge, it clearly appears that the jury were not misled, for they were instructed a number of times, in other parts of the charge, that the negligent or wilful conduct of the defendant must be shown to have been the proximate cause of injury to the plaintiff.

But, aside from this, it was held in *Anderson* v. *Railroad*, 81 S. C., 1, 61 S. E., 1096, that the failure of the trial Judge to instruct the jury that negligence, to be actionable, must

be the proximate cause of the injury complained of, is such a plain inadvertence as to require counsel to call his attention to it at the conclusion of the charge.

The judgment is affirmed.