7760

## STATE v. BATES.

1. CHARGE—CIRCUIT JUDGE.—Remarks by Judge in admitting testimony, "I may state right here that the lay witnesses' opinions are not binding on the jury where the jury understands the facts and circumstances upon which that opinion is based," is not error as an instruction limiting the value and effect of testimony, the remarks meaning the jury were not bound to accept the opinions of the witnesses, but could form their own conclusion from the testimony.

2. VERDICT.—AN INSTRUCTION urging the jury to thoroughly consider the facts and circumstances before recommending to mercy is not prejudicial to defendant.

3. JURY—APPEAL.—Permitting the jury to disperse after argument and before charge in a homicide case is not appealable unless there is shown an abuse of discretion.

Before DeVore, J., Spartanburg, September, 1909. Affirmed.

Indictment against J. B. Bates for murder. From sentence, defendant appeals.

*Messrs. Stanyarne Wilson* and *H. K. Osborne* cite: *Remarks as to effect of opinion evidence prohibited by Constitution:* 5 Ency. Ev. 656, 637, 713, 646, 647.

*Solicitor J. C. Otts* and *Messrs. C. P. Sims* and *S. M. Pilgrim,* contra. *Solicitor Otts* cites: *Remarks in ruling on evidence has not the effect of instructions:* 39 S. C. 350; 36 S. C. 534; 61 S. C. 21; 49 S. C. 413; 33 S. C. 100; 72 S. C. 352. *Rule for construing charge:* 43 S. C. 133; 35 S. C. 269, 291.

January 20, 1911. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an appeal from the sentence of death, imposed upon the defendant for murder.

The first exception is as follows:

"That his Honor erred in making the comment before the jury, upon the testimony of defendant's witnesses, 'I may state right here, that the lay witnesses' opinion, is not binding on the jury, where the jury understand the facts and circumstances, upon which that opinion is based.' The error being, that his Honor was without legal power or right, to place such limitation upon the value and effect of the testimony, its weight being wholly for the jury; also in instructing them thereby, in effect, that the value of expert opinion evidence, vanishes when the facts and circumstances, on which the opinion is based by the layman, are presented to the jury; such comment thereby practically depriving the defendant, of the

benefit of the opinions of his witnesses, which he believed to be of vast importance to him."

This exception cannot be sustained, for the reason, that the language of his Honor the presiding Judge, was used in ruling upon the admissibility of certain testimony, and not in his charge to the jury. *State* v. *Marchbanks,* 61 S. C. 17, 39 S. E. 187; *Tinsley* v. *Tel. Co.,* 72 S. C. 350, 51 S. E. 913.

There is another reason, why the exception must be over-ruled.

In commenting on the language set out in the exception, the appellant's attorneys, in their argument, say: "If it be meant, that the jury were not bound to accept the conclusions of those witnesses, as against their own judgment of facts, he was correct. But if by it he meant, that where the jury understood the facts and circumstances, upon which that opinion was based, the opinion no longer had weight, then he was in error."

The Circuit Judge simply meant, that the jury were not bound, to accept the opinions of the witnesses, but could form their own conclusions, from the testimony.

The second exception is as follows:

"That his Honor erred, in that portion of his charge, which stated: 'I don't know that I should say to you, that you ought to be careful in exercising that right or discretion, (of recommending to the mercy of the Court). I don't know that I can say that to you, and I don't say it to you, but you must take all these facts and circumstances together, and see if in your judgment as jurors, this is a case for recommendation to mercy. If after a thorough consideration of it, and let it be a thorough consideration, you think it is such a case, why it should be your duty to recommend,' etc. The error being, that it was, in effect, an intimation of his opinion upon the facts, that he did not consider it, a proper case for consid-

eration; and in unduly urging the jury to be 'careful,' in the exercise of their power to recommend."

The charge was a mere warning, for thorough consideration of the facts and circumstances by the jury, before recommending the defendant to the mercy of the Court, and we fail to see wherein, it was prejudicial to the rights of the appellant.

The third exception is as follows:

"That it was an abuse of the discretion of the trial Judge, in the conduct of the trial, to permit the jury to disperse and go at large over the city, in a case of this character, after the arguments were in, and the case completed, with the exception of the charge; and that it was error for his Honor to refuse the motion in arrest of judgment, based upon that fact."

The conduct of the case must be left in large measure, to the discretion of the presiding Judge, from which there is no appeal unless there has been an abuse of discretion, which has not been made to appear in this case.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed, and that the case be remanded to that Court, for the purpose of having another day assigned, for the execution of the sentence.