12944

STATE v. JOHNSON

(155 S. E., 599)

May, 1929.

*Mr. John K. Hamblin,* for appellant,

*Messrs. I. C. Blackwood, Solicitor, T. B. Butler* and *P. D. Barron,* for respondent.

July 7, 1930.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

It appears from the record that on or about April 27, 1929, in the town of Buffalo, in Union County, a difficulty occurred between the defendant, Johnson, and one Allison, a policeman at that place, which resulted in Allison being severely cut with a knife. Thereafter the defendant was tried under an indictment charging him with assault and battery with intent to kill. At the noon hour on the first day of the

trial, the presiding Judge, Hon. T. S. Sease, announced that he would keep the jury together during the recess hour for the reason that there was "a great deal of feeling and interest in the courtroom," and that, under such circumstances, people might make remarks in the presence of the jury with regard to the case. He thereupon directed the sheriff to take charge of them and to get them something to eat, but not to allow them to communicate with outsiders. At the end of the Court's day, although the trial of the case had not been concluded, the presiding Judge allowed the jury to separate and its members to go to their homes for the night. The defendant was convicted as charged, and sentenced to imprisonment for a period of four years.

The only question presented by the appeal is, Did the Court err in allowing the jury to separate before the trial was ended after having kept them together for the recess hour at noon?

The common-law rule was that the jury should be kept together, in any criminal case, until a verdict was rendered, and to allow them to separate for any reason was error. This rule, however, has been greatly modified and relaxed; and, while the Courts are always careful to protect the rights of the defendant, the general rule now is that a new trial will not be granted for the mere separation of the jury, even though it is a jury impaneled to try a capital offense, unless it is shown that the defendant was injured thereby. The rule in this State is thus stated in the case of *State v. Belcher,* 13 S. C., 459:

"The strictness of the old practice as to keeping juries together after being charged with a case, has long since been relaxed. * * * The Judge has discretion to permit the jury to disperse during the trial, even in capital cases. *State v. McKee,* 1 Bail., 651, 21 Am. Dec., 499; *State v. Silas Anderson,* 2 Bail., 565; Bishop's Cr. Proc., 996."

See, also, *State v. Bates,* 87 S. C., 431, 69 S. E., 1075; *State v. Stewart,* 26 S. C., 125, 1 S. E., 468.

The trial Judge, in the case at bar, exercising a wise discretion, thought it best, for the reasons stated by him, not to allow the jury to mingle with the crowd during the noon recess hour. Later he concluded that there was no good reason for not permitting them to separate and go to their homes for the night. The matter was in his discretion; and there is nothing in the record to indicate that he abused his discretion or that the defendant was prejudiced by his action.

The judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES COTHRAN, BLEASE and CARTER and MR. ACTING ASSOCIATE JUSTICE SMITH concur.